Volume II, Appx04303-Appx16122
23-2208

# United States Court of Appeals
# for the Federal Circuit

**FINTIV, INC.,**

*Plaintiff-Appellant*

v.

**APPLE INC.,**

*Defendant-Appellee*

———————————————

Appeal from the United States District Court for the Western District of Texas, Case No. 1:21-cv-00896-ADA, District Judge Alan D. Albright

———————————————

## CORRECTED NON-CONFIDENTIAL JOINT APPENDIX
### Volume II of IV

———————————————

Meredith Martin Addy
**ADDYHART P.C.**
Charles A. Pannell, III
10 Glenlake Parkway
Suite 130
Atlanta, Georgia  30328
312.320.4200
meredith@addyhart.com
cpannell@addyhart.com

Melanie L. Bostwick
**Orrick, Herrington & Sutcliffe LLP**
1152 15th Street, NW,
Washington, DC 20005
202.339.8400
mbostwick@orrick.com
Abigail Colella
acolella@orrick.com

Alexandra Bursak
**Orrick, Herrington & Sutcliffe LLP**
21 East 52nd Street
New York, NY  10019
212.506.500
abursak@orrick.com

*Additional Counsel Listed on Inside Cover*

Caren A. Yusem
**ADDYHART P.C.**
1101 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20004
312.804.4885
caren@addyhart.com

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
ThucMinh Nguyen
**Kasowitz Benson Torres LLP**
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA  94065
650.453.5170
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
tnguyen@kasowtiz.com

Paul G. Williams
**Kasowitz Benson Torres LLP**
1230 Peachtree Street, NE
Suite 2445
Atlanta, GA  30309
404.260.6102
pwilliams@kasowitz.com

*Attorneys for Appellant
Fintiv, Inc.*

Stanley J. Panikowski
**DLA Piper LLP (US)**
4365 Executive Drive
Suite 1100
San Diego, CA  92121-2133
858.677.1400
Stanley.panikowski@us.dlapiper.com

Jessica Hannah
**DLA Piper LLP (US)**
555 Mission Street, Suite 2400
SanFrancisco, CA  94105-2933
415.836.2570
Jessica.hannah@us.dlapiper.com

*Attorneys for Appellee
Apple Inc.*

# Table of Contents

|  | Description |  |
|---|---|---|
|  | 2019-08-07 – Protective Order | xxxvii-lxvii |
| 1. | 2023-06-29 Judgment (Dkt. 469) | Appx00001 |
| 2. | 2023-06-21 **Sealed** Order Granting Motion For Summary Judgment [ECF No. 270] (Dkt. 467) | Appx00002-Appx00011 |
| 3. | 2023-06-12 **Sealed** Order (Dkt. 463); | Appx00012-Appx00022 |
| 4. | 2022-07-05 Order – Denying Fintiv's Motion for Sanction [ECF No. 431] (Dkt. 441) | Appx00023-Appx00025 |
| 5. | 2022-03-17 Claim Construction Order and Memorandum in Support Thereof (Dkt. 424) | Appx00026-Appx00050 |
| 6. | 2019-11-27 Claim Construction Order (Dkt. 86) | Appx00051-Appx00084 |
| 7. | US 8,843,125 B2 | Appx00085-Appx00098 |
| 8. | Civil Docket Sheet - 1-21-cv-00896-ADA | Appx00099-Appx00158 |
| 9. | 2020-09-01 Hearing Transcript – Denying Plaintiff's Motion for Leave to Amend Complaint | Appx00159-Appx00258 |
| 10. | 2018-12-21 (Dkt. 1) Complaint | Appx00259-Appx00297 |
| 11. | 2019-01-02 (Dkt. 7) Rule 7 Disclosure | Appx00298-Appx00301 |
| 12. | 2019-03-12 (Dkt. 24) Motion to Dismiss (Withdrawn per Text Order of 8/2/19) | Appx00302-Appx00311 |
| 13. | 2019-03-12 (Dkt. 25) Rule 7 Disclosure | Appx00312-Appx00313 |
| 14. | 2019-04-09 (Dkt. 28) Amended Complaint with Exh. A & B | Appx00314-Appx00355 |
| 15. | 2019-04-09 (Dkt. 29) Response in Opposition to Motion re Motion to Dismiss | Appx00356-Appx00369 |
| 16. | 2019-04-09 (Dkt. 30) Affidavit ISO Response to Motion to Dismiss; Declaration of J. Waldrop and Exh. A | Appx00370-Appx00382 |
| 17. | 2019-04-23 (Dkt. 31) Answer to Amended Complaint | Appx00383-Appx00391 |
| 18. | 2019-06-10 (Dkt. 38) Agreed Scheduling Order | Appx00392-Appx00396 |
| 19. | 2019-06-10 (Dkt. 39) Agreed ORDER governing proceedings | Appx00397-Appx00402 |

| 20. | 2019-06-13 (Dkt. 40) Apple's Opposed Motion to Change Venue– with Exhibits | Appx00403-Appx00735 |
|---|---|---|
| 21. | 2019-07-03 (Dkt. 43) Affidavit of D. Gibson ISO 42 motion - Response in Opposition to Motion | Appx00736-Appx00737 |
| 22. | 2019-07-03 (Dkt. 44) Affidavit ISO 42 motion - Response in Opposition to Motion with Exhibits | Appx00738-Appx01465 |
| 23. | 2019-07-05 (Dkt. 45) Response in Opposition to Motion to Transfer Venue (40) | Appx01466-Appx01483 |
| 24. | 2019-07-05 (Dkt. 46) Motion to Withdraw Plaintiff's Response in Opposition to Defendant's Motion to Change Venue 40 previously filed as Dkt. No. 42 | Appx01484-Appx01491 |
| 25. | 2019-07-08 (Dkt. 47) Order Granting 46 Motion to Withdraw 42 Response in Opposition to Motion | Appx01492 |
| 26. | 2019-07-22 (Dkt. 52) Motion for leave to File Sealed Document | Appx01493-Appx01494 |
| 27. | 2019-07-22 (Dkt. 53) **Sealed** filed (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit C−1) | Appx01495-Appx01519 |
| 28. | 2019-07-23 (Dkt. 54) Transcript filed of Proceedings held on 5-30-19 | Appx01520-Appx01535 |
| 29. | 2019-08-07 (Dkt. 56) Agreed Protective Order | Appx01536-Appx01566 |
| 30. | 2019-09-04 (Dkt. 66) Transcript filed of Proceedings held on 8-29-19 | Appx01567-Appx01638 |
| 31. | 2019-09-07 (Dkt. 68) MOTION for Leave to File Post−Hearing Brief in Support of Defendant's Motion to Transfer Venue by Apple Inc. | Appx01639-Appx01642 |
| 32. | 2019-09-07 (Dkt. 69) Brief regarding 40 Opposed Motion to Change Venue by Apple Inc. with exhibits | Appx01643-Appx01724 |
| 33. | 2019-09-07 (Dkt. 70) **Sealed** ORDER Denying Apple's Motion to Transfer Venue | Appx01725-Appx01742 |
| 34. | 2019-09-12 (Dkt. 71) Apple's Opening Claim Construction Brief with exhibits | Appx01743-Appx02196 |

| 35. | 2019-09-12 (Dkt. 72) Fintiv's Opening Claim Construction brief with exhibits | Appx02197-Appx02227 |
|---|---|---|
| 36. | 2019-09-12 (Dkt. 73) ORDER Denying Apple's Motion to Transfer Venue (*Public Version* of Dkt. 70) | Appx02228-Appx02245 |
| 37. | 2019-10-03 (Dkt. 74) Apple's Response Claim Construction Brief with exhibits | Appx02246-Appx02479 |
| 38. | 2019-10-03 (Dkt. 75) Fintiv's Responsive Claim Construction Brief with exhibits | Appx02480-Appx02567 |
| 39. | 2019-10-17 (Dkt. 76) Apple's Reply Claim Construction Brief | Appx02568-Appx02588 |
| 40. | 2019-10-17 (Dkt. 77) Fintiv's Reply Claim Construction Brief with exhibits | Appx02589-Appx02916 |
| 41. | 2019-10-21 (Dkt. 78) Apple's MOTION to Stay Case Pending Mandamus Review | Appx02917-Appx02981 |
| 42. | 2019-10-24 (Dkt. 79) Fintiv's Notice of Filing Joint Claim Construction Statement with exhibit | Appx02982-Appx03002 |
| 43. | 2019-11-07 (Dkt. 82) Minute Entry for 11/8/2019 Markman Hearing | Appx03003 |
| 44. | 2019-11-08 (Dkt. 83) Transcript filed of Proceedings held on 11-7-19 | Appx03004-Appx03153 |
| 45. | 2019-11-26 (Dkt. 85) Notice of Filing Joint Post−Markman Hearing Statement | Appx03154-Appx03157 |
| 46. | 2019-12-23 (Dkt. 88)  Case Transfer and Opening Letter sent to all Counsel | Appx03158 |
| 47. | 2019-12-20 (Dkt. 89) ORDER re Apple's petition for Writ of Mandamus directing transfer of case to U.S.D.C., N.D., California | Appx03159-Appx03163 |
| 48. | 2020-01-23 (Dkt. 90) Received Courtesy Copy of Motion for Rehearing En Banc filed in the U.S. Court of Appeals for the Federal Circuit | Appx03164-Appx03199 |
| 49. | 2020-01-30 (Dkt. 91) Apple's First Amended Answer and Defenses to Fintiv's First Amended Complaint for Patent Infringement | Appx03200-Appx03208 |
| 50. | 2020-01-30 (Dkt. 92) Second Amended Complaint with exhibits | Appx03209-Appx03251 |

| 51. | 2020-02-13 (Dkt. 93) Apple's Motion to Dismiss | Appx03252-Appx03265 |
|---|---|---|
| 52. | 2020-02-24 (Dkt. 98) Apple's Brief re Telephone conference with attachments (**Sealed** Exh. A) | Appx03266-Appx03271 |
| 53. | 2020-02-24 (Dkt. 99) Motion for Leave to File sealed document | Appx03272-Appx03275 |
| 54. | 2020-02-26 (Dkt. 100) Transcript filed of Proceedings held on 2-24-2020 | Appx03276-Appx03299 |
| 55. | 2020-02-27 (Dkt. 103) **Sealed** Responsive Letter Brief re Source Code by Fintiv, Inc; with exhibit | Appx03300-Appx03319 |
| 56. | 2020-03-02 (Dkt. 104) Fintiv's Response in Opposition to Motion to Dismiss | Appx03320-Appx03338 |
| 57. | 2020-03-09 (Dkt. 105) Apple's Reply to Response to Motion to Dismiss | Appx03339-Appx03347 |
| 58. | 2020-03-16 (Dkt. 107) Third Party Wells Fargo's Motion to Quash with exhibits | Appx03348-Appx03446 |
| 59. | 2020-03-17 (Dkt. 108) Amended Motion to Quash with attachments | Appx03447-Appx03545 |
| 60. | 2020-03-23 (Dkt. 110) Fintiv's Response in Opposition to Wells Fargo's Amended Motion Quash Subpoena with exhibits | Appx03546-Appx03566 |
| 61. | 2020-03-24 (Dkt. 111) Standing Order | Appx03567-Appx03570 |
| 62. | 2020-03-25 (Dkt. 112) Motion for Protective Order by USAA FSB with exhibits | Appx03571-Appx03675 |
| 63. | 2020-03-25 (Dkt. 113) Supplement to Motion for Protective Order by USAA FSB | Appx03676-Appx03677 |
| 64. | 2020-03-30 (Dkt. 114) Wells Fargo Bank's Reply ISO its M2 Quash | Appx03678-Appx03687 |
| 65. | 2020-04-01 (Dkt. 115) Fintiv's Opposition to USAA FSB Motion, Protective Order 112 | Appx03688-Appx03700 |
| 66. | 2020-04-07 (Dkt. 119) USAA's Reply ISO Motion for Protective Order with exhibit | Appx03701-Appx03718 |
| 67. | 2020-04-07 (Dkt. 121) Transcript filed of Proceeding held on April 7, 2020 | Appx03719-Appx03748 |
| 68. | 2020-04-09 (Dkt. 122) Standing Order | Appx03749 |
| 69. | 2020-04-24 (Dkt. 124) Amended Scheduling Order | Appx03750-Appx03752 |

| 70. | 2020-06-08 (Dkt. 128) Minute Entry for proceedings held 6/8/2020 | Appx03753 |
|---|---|---|
| 71. | 2020-06-20 (Dkt. 129) Transcript filed of Proceedings held on 6-8-20 | Appx03753-Appx03780 |
| 72. | 2020-06-25 (Dkt. 131) ORDER Denying Apple's Request For Plaintiff To Re−Serve Its Final Infringement Contentions | Appx03781-Appx03785 |
| 73. | 2020-07-05 (Dkt. 134) Transcript filed of Proceedings held on 7-2-20 | Appx03786-Appx03811 |
| 74. | 2020-07-07 (Dkt. 135) **Sealed** Motion for leave to File Seal - Motion for Leave to Amend Final Disclosure of Asserted Claims, Accused Instrumentalities, and Infringement Contentions  with exhibits | Appx03812-Appx03814 |
| 75. | 2020-07-08 (Dkt. 136)  **Sealed** Motion for Leave to Amend Final Disclosure of Asserted Claims, Accused Instrumentalities, and Infringement Contentions | Appx03815-Appx04361 |
| 76. | 2020-07-13 (Dkt. 137) ORDER, Set Motion Hearing for <u>136</u> Sealed Motion filed, <u>93</u> Motion to Dismiss for Failure to State a Claim Motion Hearing set for 7/21/2020 | Appx04362 |
| 77. | 2020-07-14 (Dkt. 139) **Sealed** - Fintiv's Motion for Leave to File Sealed Documents  - Third Amended Complaint | Appx04363-Appx04366 |
| 78. | 2020-07-15 (Dkt. 142) **Sealed**  Motion for leave to File to File Third Amended Complaint with sealed attachments | Appx04367-Appx04566 |
| 79. | 2020-07-16 (Dkt. 143) **Sealed** Apple's Motion for leave to File under seal its opposition to Fintiv's Motion to Amend its Final Infringement contentions | Appx04567-Appx04570 |
| 80. | 2020-07-18 (Dkt. 144) **Sealed** Apple's opposition to Fintiv's Motion to Amend its Final Infringement contentions | Appx04571-Appx05840 |
| 81. | 2020-07-21 (Dkt. 147) Sealed corrected – Ex. 7 to (Dkt 144) | Appx05841-Appx06113 |
| 82. | 2020-07-27 (Dkt. 148) Unopposed Motion for Leave to File Sealed Document - Fintiv's | Appx06114-Appx06116 |

| | Reply in Support of Motion for Leave to File Amended Final Infringement Contentions | |
|---|---|---|
| 83. | 2020-07-29 (Dkt. 149) **<u>Sealed</u>** Response in Support of Motion for Leave to Amend Final Disclosure of Asserted Claims Accused Instrumentalities, and Infringement Contentions with exhibits | Appx06117-Appx06229 |
| 84. | 2020-07-29 (Dkt. 150) Defendant Apple Inc.' Unopposed Motion For Leave To File Under Seal Its Opposition To Fintiv Inc.'s Motion For Leave To File Third Amended Complaint For Patent Infringement | Appx06230-Appx06232 |
| 85. | 2020-07-30 (Dkt. 153) **<u>Sealed</u>** Response In Opposition To Fintiv, Inc.'s Motion For Leave To File Third Amended Complaint For Patent Infringement with Exhibits | Appx06233-Appx06429 |
| 86. | 2020-07-31 (Dkt. 154) Transcript filed of Proceedings held on 7-31-20 | Appx06430-Appx06444 |
| 87. | 2020-07-31 (Dkt. 155) Minute Entry for proceedings on 7/31/2020 | Appx06445 |
| 88. | 2020-08-05 (Dkt. 162) Minute Entry for Discovery Hearing held on 8/5/2020 | Appx06446 |
| 89. | 2020-08-06 (Dkt. 163) Transcript filed of Discovery Hearing held on 8-5-20 | Appx06447-Appx06510 |
| 90. | 2020-08-10 (Dkt. 164) Unopposed Motion for Leave to File Sealed Document - *Plaintiff's Reply Memorandum Of Law In Support Of Motion For Leave To File Third Amended Complaint For Patent Infringement* | Appx06511-Appx06513 |
| 91. | 2020-08-11 (Dkt. 165) Fintiv's **<u>Sealed</u>** Reply ISO Motion for Leave to File Third Amended Complaint with attachments | Appx06514-Appx06824 |
| 92. | 2020-08-17 (Dkt. 166) Unopposed Motion for leave to File Sealed Document - *Defendant Apple Inc.'s Unopposed Motion For Leave To File Under Seal Its Sur-Reply In Opposition To Fintiv, Inc.'s Motion For Leave To File Third Amended Complaint For Patent Infringement* | Appx06825-Appx06827 |

| 93. | 2020-08-18 (Dkt. 167) **Sealed** Apple's *Sur−Reply In Opposition To Fintiv, Inc.s Motion For Leave to File Third Amended Complaint For Patent Infringement* with exhibits | Appx06828-Appx06894 |
|---|---|---|
| 94. | 2020-08-24 (Dkt. 170) Apple's Opening Supplemental Claim Construction <u>with attachments</u> | Appx06895-Appx07693 |
| 95. | 2020-08-24 (Dkt. 171) Unopposed Motion for leave to File Sealed Document - *Fintiv's Sur−Sur−Reply ISO Motion for Leave to Amend Complaint* | Appx07694-Appx07696 |
| 96. | 2020-08-24 (Dkt. 172) Fintiv's Supplemental Claim Construction Brief with attachments | Appx07697-Appx07943 |
| 97. | 2020-08-24 (Dkt. 173) **Sealed** Plaintiff's *Sur−Reply Memorandum of Law ISO Motion for Leave to File Third Amended Complaint* | Appx07944-Appx07969 |
| 98. | 2020-09-01 (Dkt. 175) Minute Entry for proceedings held on 9/1/2020 re <u>142</u> Motion for leave to File Sealed Document filed by Fintiv, Inc., <u>93</u> Motion to Dismiss for Failure to State a Claim filed by Apple Inc; Transcript of hearing held on 9/1/2020 | Appx07970 |
| 99. | 2020-09-04 (Dkt. 176) Unopposed Motion for leave to File Sealed Document - *Fintiv's Supplemental Claim Construction Brief Regarding the Term "[A/The] Mobile Device"* | Appx07970-Appx07973 |
| 100. | 2020-09-04 (Dkt. 177) Apple's Supplemental Claim Construction brief regarding [a – the] Mobile Device with exhibits 26, 27, 28, 29 | Appx07974-Appx08003 |
| 101. | 2020-09-08 (Dkt. 178) **Sealed** Plaintiff *Fintiv's, Supplemental Claim Construction Brief Regarding The Term [A/The] Mobile Device* with Exhibits 17, 18, 19, 20 | Appx08004-Appx08039 |
| 102. | 2020-09-10 (Dkt. 179) ANSWER to <u>92</u> Amended Complaint | Appx08040-Appx08049 |
| 103. | 2020-09-29 (Dkt. 183) Transcript filed of Proceedings held on 9-29-20 | Appx08050-Appx08063 |

| 104. | 2020-09-30 (Dkt. 184) ORDER denying Apples Motion to Dismiss is Vacated. Further Ordered that Apples Motion to Dismiss at ECF No. 93 is GRANTED | Appx08064 |
|---|---|---|
| 105. | 2020-10-16 (Dkt. 186) Motion for leave to FUS Apple's Motion To Strike Fintiv's Amended Final Infringement Contentions; | Appx08065-Appx08067 |
| 106. | 2020-10-22 (Dkt. 188) Transcript of Markman Hearing - on 10-21-20 | Appx08068-Appx08113 |
| 107. | 2020-10-30 (Dkt. 191) Motion for leave to File Sealed Document *Fintiv's Opposition to Defendant Apple Inc.'s Motion to Strike Fintiv's Amended Final Infringement Contentions* **sealed** | Appx08114-Appx08121 |
| 108. | 2020-11-02 (Dkt. 193) **Sealed** *Fintiv's Opposition To Apple's Motion To Strike amended Final Infringement Contentions* with exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, P | Appx08122-Appx09777 |
| 109. | 2020-11-03 (Dkt. 194) Transcript filed of Proceedings held on 11-2-20 - ***(Public Version)*** | Appx09778-Appx09804 |
| 110. | 2020-11-06 (Dkt. 199) Motion for leave to File Sealed Document – Apple's Reply In Support Of Its Motion To Strike Fintiv's Amended Infringement Contentions | Appx09805-Appx09808 |
| 111. | 2020-11-09 (Dkt. 200) **Sealed** Reply In Support Of Apple Inc.'s Motion To Strike Fintiv's Amended Final Infringement Contentions | Appx09809-Appx09816 |
| 112. | 2020-11-12 (Dkt. 201) Transcript filed of Proceedings held on 11-5-20 | Appx09817-Appx09847 |
| 113. | 2020-11-13 (Dkt. 202) Transcript filed of Proceedings held on August 28, 2020 | Appx09848-Appx09912 |
| 114. | 2020-11-13 (Dkt. 203) Transcript filed of Proceedings held on September 1, 2020 | Appx09913-Appx10013 |
| 115. | 2020-12-15 (Dkt. 205) SCHEDULING ORDER | Appx10014-Appx10015 |

| 116. | 2021-01-14 (Dkt. 206) Motion for leave to File Sealed Document – *Apple's Motion for Judgment on the Pleadings as to Pre-Suit Indirect Infringement* and Exhibits A through H | Appx10016-Appx10022 |
|---|---|---|
| 117. | 2021-01-20 (Dkt. 207) **Sealed** Motion filed. *Apple's Opposed Motion to Strike Fintiv's Amended Final Infringement Contentions –* with attachments | Appx10023-Appx11083 |
| 118. | 2021-01-20 (Dkt. 208) **Sealed** *Apple Inc's Motion for Judgment on the Pleadings as to Pre−Suit Indirect Infringement* with exhibits | Appx11084-Appx11207 |
| 119. | 2021-02-08 (Dkt. 211) **Sealed**. *Fintiv's Opposition To Apple Inc.'s <u>208</u> Motion For Judgment On The Pleadings As To Pre−Suit Indirect Infringement* with Exhibits | Appx11208-Appx11411 |
| 120. | 2021-02-11 (Dkt. 212) Agreed Amended Scheduling Order | Appx11412-Appx11413 |
| 121. | 2021-02-19 (Dkt. 214) Apple's Reply ISO its Motion for Judgment on the Pleadings as to pre-suit indirect infringement (with exhibit) | Appx11414-Appx11437 |
| 122. | 2021-02-19 (Dkt. 215) **Sealed**. Exhibit L to Apple Inc's Reply in Support of its Motion for Judgment on the Pleadings as to Pre−Suit Indirect Infringement (Exh. L attached to Dkt <u>214</u>) | Appx11438-Appx11451 |
| 123. | 2021-03-22 (Dkt. 218) **Sealed** *Fintiv's Motion for Leave to Amend Infringement Contentions* with Exh. A - L | Appx11452-Appx12970 |
| 124. | 2021-03-22 (Dkt. 219) Attachment *Exhibit C* to <u>218</u> | Appx12971-Appx13019 |
| 125. | 2021-03-22 (Dkt. 221 Fintiv's Submission of additional exhibits to Motion for Leave to File Amended infringement Contentions under seal (Dkt 218) Exhibits C, D and E to <u>218</u> | Appx13020-Appx13071 |
| 126. | 2021-04-02 (Dkt. 225) **Sealed**: *Apple Inc.'s Opposition to Fintiv, Inc.'s Motion for Leave to Amend Infringement Contentions* of <u>218</u> | Appx13072-Appx13551 |

| | Sealed Motion by Apple with attachments Ex 1, 2, 6, 7, 9, 10 | |
|---|---|---|
| 127. | 2021-04-02 (Dkt. 226) Attachment Nonconfidential Exhibits to Apple Inc.'s Opposition to Fintiv, Inc.'s Motion for Leave to Amend Infringement Contentions to 225 Sealed Document – Exh. 3, 4, 5, 8, 11 | Appx13552-Appx13630 |
| 128. | 2021-04-09 (Dkt. 228) Fintiv's Motion *For* A Ruling That Certain Discovery Material Is Not Entitled To Confidentiality Protection Under The Agreed Protective Order And For Leave To File Supplemental Expert Reports with exhibits | Appx13631-Appx13659 |
| 129. | 2021-04-09 (Dkt. 229) Motion for leave to File Sealed Document | Appx13660-Appx13662 |
| 130. | 2021-04-13 (Dkt. 230) **Sealed** - *Plaintiff Fintiv, Inc.'s* **Reply** *In Support Of its 218 Motion For Leave To Amend Infringement Contentions*, Exh. A, B, C, D, E | Appx13663-Appx13697 |
| 131. | 2021-04-16 (Dkt. 231) Apple's Opposition to Fintiv's Motion  re 228 For A Ruling That Certain Discovery Material Is Not Entitled To Confidentiality Protection Under The Agreed Protective Order And For Leave To File Supplemental Expert Reports filed by Fintiv, Inc. with Exh. A | Appx13698-Appx13712 |
| 132. | 2021-04-23 (Dkt. 249) **Sealed**: *Fintiv,'s Reply ISO Motion For A Ruling That Certain Discovery Material Is Not Entitled To Confidentiality Protection Under The Agreed Protective Order And For Leave To File Supplemental Expert Reports* of 228 MOTION For A Ruling That Certain Discovery Material Is Not Entitled To Confidentiality Protection Under The Agreed Protective Order And For Leave To File Supplemental Expert Reports by Fintiv, Inc with Exh. 1 | Appx13713-Appx13762 |
| 133. | 2021-04-23 (Dkt. 250) Declaration Of Jonathan K. Waldrop ISO Fintiv, Inc.'s Reply | Appx13763-Appx13802 |

| | | |
|---|---|---|
| | ISO <u>228</u> Motion For A Ruling That Certain Discovery Material Is Not Entitled To Confidentiality Protection Under The Agreed Protective Order And For Leave To File Supplemental Expert Reports | |
| 134. | 2021-06-15 (Dkt. 259) Transcript filed of Proceedings held on April 30, 2021 | Appx13803-Appx13882 |
| 135. | 2021-06-15 (Dkt. 260) Transcript filed of Proceedings held on May 12, 2021 | Appx13883-Appx13902 |
| 136. | 2021-06-16 (Dkt. 261) Standing Order regarding Scheduling Order | Appx13903-Appx13907 |
| 137. | 2021-06-28 (Dkt. 262) **<u>Sealed</u>** *Plaintiff Fintiv Inc.'s Motion To Strike The Rule 26 Disclosure And Declaration, And Exclude Portions Of The Testimony Of Ahmer Khan* with exhibits 1 - 7 | Appx13908-Appx14025 |
| 138. | 2021-06-28 (Dkt. 263) **<u>Sealed</u>** *Fintiv's Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus*. with Exhs. 1 - 8 | Appx14026-Appx14178 |
| 139. | 2021-06-28 (Dkt. 264) **<u>Sealed</u>** *Apple's Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein* with *Exhibits 1 -3* | Appx14179-Appx14246 |
| 140. | 2021-06-28 (Dkt. 265-1) Attachment *Exhibit 4* to <u>264</u> Sealed Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein by Apple Inc. | Appx14247-Appx14251 |
| 141. | 2021-06-28 (Dkt. 264) **<u>Sealed</u>** *Apple's Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein* with Exhibits 5 - 7 | Appx14252-Appx14272 |
| 142. | 2021-06-28 (Dkt. 265-1) Attachment *Exhibit 4* to <u>264</u> Sealed Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein by Apple Inc. | Appx14273-Appx14277 |
| 143. | 2021-06-28 (Dkt. 266) **<u>Sealed</u>** *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus*. with Exhibits 1 - 19 | Appx14278-Appx15004 |

| | | |
|---|---|---|
| 144. | 2021-06-28 (Dkt. 267) **Sealed** *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of Henry Dreifu*s with Exhibits 1 - 6 | Appx15005-Appx15090 |
| 145. | 2021-06-28 (Dkt. 268) **Sealed** *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report Regarding Damages Of W. Christopher Bakewell* with Exhibits 1 - 4 | Appx15091-Appx15123 |
| 146. | 2021-06-28 (Dkt. 269) **Sealed** *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The March 22, 2021 Expert Report Of Lynne J. Weber, Ph.D.* with Exhibits 1- 4 | Appx15124-Appx15155 |
| 147. | 2021-06-28 (Dkt. 270) **Sealed** *Motion for Summary Judgment of Noninfringement* by Apple Inc, with exhibits 1 - 8 | Appx15156-Appx15460 |
| 148. | 2021-06-28 (Dkt. 271) **Sealed** *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell* with attachments | Appx15461-Appx15554 |
| 149. | 2021-06-28 (Dkt. 272) **Sealed** *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* with Exhibits 1 - 11 | Appx15555-Appx15589 |
| 150. | 2021-06-28 (Dkt. 273) Attachment Exhibits 1, 9, 10, 11 to <u>270</u> Sealed Motion for Summary Judgment of Noninfringement by Apple Inc. | Appx15590-Appx15628 |
| 151. | 2021-06-28 (Dkt. 274) **Sealed** Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus by Fintiv, Inc., with Exhibits 1 - 15 | Appx15629-Appx16027 |
| 152. | 2021-06-28 (Dkt. 275) **Sealed** *Fintiv, Inc.'s Daubert Motion To Exclude The Disclosure And Declaration And Testimony Of Ahmer Khan* with Exhibits 1 - 7 | Appx16028-Appx16330 |
| 153. | 2021-06-28 (Dkt. 276) **Sealed** *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of Dr. Lynne Weber's Opening Expert Report And W.* | Appx16331-Appx16408 |

| | *Christopher Bakewell's Opening Expert Report* with Exhibits 1-5 | |
|---|---|---|
| 154. | 2021-06-28 (Dkt. 277) **Sealed** *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell*. with Exhibits 1-11 and Proposed Order | Appx16409-Appx16533 |
| 155. | 2021-06-28 (Dkt. 278) **Sealed** *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* with attachments 1 - 4 | Appx16534-Appx16563 |
| 156. | 2021-06-28 (Dkt. 279) **Sealed** *Fintiv, Inc.'s Omnibus Motion For Partial Summary Judgment* | Appx16564-Appx16627 |
| 157. | 2021-06-30 (Dkt. 280) **Sealed**  Fintiv, Inc.'s **Corrected** Omnibus Motion for Partial Summary Judgment (Dkt. 279) by Fintiv with attachments 1 - 28 | Appx16628-Appx18016 |
| 158. | 2021-07-02 (Dkt. 281) *Fintiv Inc.'s Motion To Strike The Rule 26 Disclosure And Declaration, And Exclude Portions Of The Testimony, Of Ahmer Khan (**Public Version** of Dkt. 262)* | Appx18017-Appx18071 |
| 159. | 2021-07-02 (Dkt. 282) *Fintiv, Inc.'s Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus (**Public Version** of Dkt. 263)* | Appx18072-Appx18135 |
| 160. | 2021-07-02 (Dkt. 283) *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus (**Public Version** of Dkt. 266)* | Appx18136-Appx18155 |
| 161. | 2021-07-02 (Dkt. 284) *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of Henry Dreifus (**Public Version** of Dkt. 267)* | Appx18156-Appx18182 |
| 162. | 2021-07-02 (Dkt. 285) *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report Regarding Damages Of W.* | Appx18183-Appx18194 |

|     |     |     |
|-----|-----|-----|
|     | *Christopher Bakewell* (***Public Version*** of Dkt. 268*)* |     |
| 163. | 2021-07-02 (Dkt. 286) *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The March 22, 2021 Expert Report Of Lynne J. Weber, Ph.D.* (***Public Version*** *of Dkt. 269). (Attachments: #* 1 Declaration of Jonathan K. Waldrop, | Appx18195-Appx18206 |
| 164. | 2021-07-02 (Dkt. 287) *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell* (***Public Version*** of Dkt. 271*)* | Appx18207-Appx18230 |
| 165. | 2021-07-02 (Dkt. 288*) Fintiv, Inc.'s Motion To Strike And Exclude Portions of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* (***Public Version*** of Dkt. 272) | Appx18231-Appx18243 |
| 166. | 2021-07-02 (Dkt. 289) *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Opening Expert Report And Testimony of Henry Dreifus* (***Public Version*** *of Dkt. 274)* | Appx18244-Appx18269 |
| 167. | 2021-07-02 (Dkt. 290) *Fintiv, Inc.'s Daubert Motion To Exclude The Disclosure And Declaration And Testimony of Ahmer Khan* (***Public Version*** *of Dkt. 275)* | Appx18270-Appx18292 |
| 168. | 2021-07-02 (Dkt. 291) *Fintiv, Inc.'s Daubert Motion To Exclude Portions of Dr. Lynne Weber's Opening Expert Report And W. Christopher Bakewell's Opening Expert Report* (***Public Version*** *of Dkt. 276)* | Appx18293-Appx18321 |
| 169. | 2021-07-02 (Dkt. 292) *Fintiv, Inc.'s Daubert Motion To Exclude Portions of The Expert Rebuttal Report And Testimony of W. Christopher Bakewell* (***Public Version*** *of Dkt. 277)* | Appx18322-Appx18338 |
| 170. | 2021-07-02 (Dkt. 293) *Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* (***Public Version*** *of Dkt. 278)* | Appx18339-Appx18350 |

| | | |
|---|---|---|
| 171. | 2021-07-02 (Dkt. 294) *Fintiv, Inc.'s Corrected Omnibus Motion for Partial Summary Judgment* (**Public Version** of Dkt. <u>280</u>) | Appx18351-Appx18428 |
| 172. | 2021-07-09 (Dkt. 295) *Apples's Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein* (**Public Version** of <u>264</u>) Sealed | Appx18429-Appx18443 |
| 173. | 2021-07-09 (Dkt. 296) *Motion for Summary Judgment of Noninfringement* (**Public Version** of <u>270</u>**)** by Apple | Appx18444-Appx18475 |
| 174. | 2021-07-27 (Dkt. 299) <u>**Sealed**</u>:  *Fintiv's* **Opposition** *To Apple's Motion To Exclude The Opinions Of Fintiv's Damages Expert Roy Weinstein* of <u>264</u> Sealed Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein by Apple Inc.. with attachments - Declaration of J. Waldrop, Exhs. 1-14 and proposed Order | Appx18476-Appx18589 |
| 175. | 2021-07-27 (Dkt. 300) <u>**Sealed**</u> *Fintiv's* **Opposition** *To Apple's Motion For Summary Judgment of <u>270</u> Sealed Motion for Summary Judgment of Noninfringement* with attachments - Declaration of J. Waldrop, Exhs. 1 - 26 and proposed Order | Appx18590-Appx19387 |
| 176. | 2021-07-27 (Dkt. 301) <u>**Sealed**</u> *Apple's* **Opposition** *to Motion to Strike of <u>262</u> The Rule 26 Disclosure And Declaration, And Exclude Portions Of The Testimony, Of Ahmer Khan* | Appx19388-Appx19401 |
| 177. | 2021-07-27 (Dkt. 302) <u>**Sealed**</u> *Apple's* **Opposition** *to Daubert Motion of <u>267</u> Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of Henry Dreifus* | Appx19402-Appx19419 |
| 178. | 2021-07-27 (Dkt. 303) <u>**Sealed**</u> *Apple's* **Opposition** *to Daubert Motion to Exclude of <u>275</u> Fintiv's Daubert Motion To Exclude The Disclosure And Declaration And Testimony Of Ahmer Khan* | Appx19420-Appx19431 |

| 179. | 2021-07-27 (Dkt. 304) **<u>Sealed</u>** *Apple's* ***Opposition*** *to Daubert Motion to Exclude of <u>276</u> Plaintiff Fintiv, Inc.'s Daubert Motion To Exclude Portions Of Dr Lynne Weber's Opening Expert Report And W. Christopher Bakewell's Opening Expert Report* | Appx19432-Appx19450 |
|---|---|---|
| 180. | 2021-07-27 (Dkt. 305) **<u>Sealed</u>** *Apple's* ***Opposition*** *to Moton to Strike and Exclude of <u>266</u> Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus* | Appx19451-Appx19464 |
| 181. | 2021-07-27 (Dkt. 306) **<u>Sealed</u>** *Apple's* ***Opposition*** *to Motion to Exclude of <u>274</u> Plaintiff Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus* | Appx19465-Appx19484 |
| 182. | 2021-07-27 (Dkt. 307) **<u>Sealed</u>** *Apple's* ***Opposition*** *to Motion to Strike and Exclude of <u>269</u> Plaintiff Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The March 22, 2021 Expert Report Of Lynne J. Weber, PH.D* | Appx19485-Appx19496 |
| 183. | 2021-07-27 (Dkt. 308) **<u>Sealed</u>** *Apple's* ***Opposition*** *to Motion to Strike and Exclude of <u>272</u> Sealed Motion Plaintiff Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* | Appx19497-Appx19508 |
| 184. | 2021-07-27 (Dkt. 309) **<u>Sealed</u>** *Apple's Opposition to Daubert Motion of <u>278</u> Sealed Motion Plaintiff Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D.* | Appx19509-Appx19517 |
| 185. | 2021-07-27 (Dkt. 310) **<u>Sealed</u>** *Apple's* ***Opposition*** *to Daubert Motion of 277 Plaintiff Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell* | Appx19518-Appx19533 |
| 186. | 2021-07-27 (Dkt. 311) **<u>Sealed</u>**: *Apple's* ***Opposition*** *to Motion to Strike of <u>268</u> Plaintiff* | Appx19534-Appx19539 |

| | | |
|---|---|---|
| | *Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report Regarding Damages Of W. Christopher Bakewell* | |
| 187. | 2021-07-27 (Dkt. 312) **<u>Sealed</u>** *Apple's* **Opposition** *to Corrected Omnibus Motion of <u>280</u> CORRECTED /* Plaintiff Fintiv, Inc.'s Corrected Omnibus Motion for Partial Summary Judgment (Dkt. 279) | Appx19540-Appx19576 |
| 188. | 2021-07-27 (Dkt. 313) **<u>Sealed</u>** *Apple's* **Opposition** *to Motion to Strike of <u>271</u>* Sealed Motion Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell | Appx19577-Appx19588 |
| 189. | 2021-07-27 (Dkt. 314) **<u>Sealed</u>** *Apple's* **Opposition** *to Motion to Strike of <u>263</u>* Plaintiff Fintiv, Inc.'s Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus | Appx19589-Appx19602 |
| 190. | 2021-07-27 (Dkt. 315) **<u>Sealed</u>**: Apple's Appendix of Exhibits | Appx19603-Appx20825 |
| 191. | 2021-08-03 (Dkt. 316) *Fintiv's* **Opposition** *to Apple's re <u>264</u> Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein* by Apple Inc. (***Public Version** of Dkt. 299)* with attachments – Declaration of J. Waldrop, Exhs. 5, 6, 8, 9, 10, 11 and proposed Order | Appx20826-Appx20885 |
| 192. | 2021-08-03 (Dkt. 317) *Fintiv's* **Opposition** *to Motion, <u>270</u> for Summary Judgment of Noninfringement* (**Public Version** *of Dkt. 300*) with attachments – Declaration of J. Waldrop, Exhs. 1, 6, 7, 13, 14, 16, 19, 26 and proposed Order | Appx20886-Appx21002 |
| 193. | 2021-08-13 (Dkt. 318) Redacted Copy of <u>301</u> Sealed Document, by Apple Inc.. | Appx21003-Appx21016 |
| 194. | 2021-08-13 (Dkt. 319)  Redacted Copy of <u>302</u> Sealed Document, by Apple Inc | Appx21017-Appx21034 |

| 195. | 2021-08-13 (Dkt. 320) Redacted Copy of <u>303</u> Sealed Document, by Apple Inc | Appx21035-Appx21046 |
|---|---|---|
| 196. | 2021-08-13 (Dkt. 321) Redacted Copy of <u>304</u> Sealed Document, by Apple Inc.. | Appx21047-Appx21065 |
| 197. | 2021-08-13 (Dkt. 322) Redacted Copy of <u>305</u> Sealed Document, by Apple Inc | Appx21066-Appx21079 |
| 198. | 2021-08-13 (Dkt. 323) Redacted Copy of <u>306</u> Sealed Document, by Apple Inc | Appx21080-Appx21099 |
| 199. | 2021-08-13 (Dkt. 324) Redacted Copy of <u>307</u> Sealed Document, by Apple Inc. | Appx21100-Appx21111 |
| 200. | 2021-08-13 (Dkt. 325) Redacted Copy of <u>308</u> Sealed Document, by Apple Inc | Appx21112-Appx21123 |
| 201. | 2021-08-13 (Dkt. 326) Redacted Copy of <u>309</u> Sealed Document, by Apple Inc. | Appx21124-Appx21132 |
| 202. | 2021-08-13 (Dkt. 327) Redacted Copy of <u>310</u> Sealed Document, by Apple Inc | Appx21133-Appx21148 |
| 203. | 2021-08-13 (Dkt. 328) Redacted Copy of <u>311</u> Sealed Document, by Apple Inc | Appx21149-Appx21154 |
| 204. | 2021-08-13 (Dkt. 329) Redacted Copy of <u>312</u> Sealed Document, by Apple Inc. | Appx21155-Appx21191 |
| 205. | 2021-08-13 (Dkt. 330) Redacted Copy of <u>313</u> Sealed Document, by Apple Inc | Appx21192-Appx21203 |
| 206. | 2021-08-13 (Dkt. 331) Redacted Copy of <u>314</u> Sealed Document, by Apple Inc | Appx21204-Appx21217 |
| 207. | 2021-08-17 (Dkt. 333) **<u>Sealed</u>** *Fintiv.'s **Reply** In Further Support of <u>262</u> Plaintiff Fintiv Inc.'s Motion To Strike The Rule 26 Disclosure And Declaration, And Exclude Portions Of The Testimony, Of Ahmer Khan* (Dkt. 262) | Appx21218-Appx21228 |
| 208. | 2021-08-17 (Dkt. 334) **<u>Sealed</u>** *Fintiv's **Reply** in Further Support of <u>263</u> Plaintiff Fintiv, Inc.'s Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus* with Attachments: # 1 Declaration of Jonathan K. Waldrop, # 2 Exhibit 1 | Appx21229-Appx21256 |
| 209. | 2021-08-17 (Dkt. 335) **<u>Sealed</u>** *Fintiv's **Reply** in Further Support of <u>266</u> Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The* | Appx21257-Appx21358 |

| | | |
|---|---|---|
| | *Opening Expert Report And Testimony Of Henry Dreifus* with Attachments: # 1 Declaration of Jonathan K. Waldrop, # 2 Exhibit 1) | |
| 210. | 2021-08-17 (Dkt. 336) <u>**Sealed**</u> *Fintiv's **Reply** In Further Support of 267 Plaintiff Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of Henry Dreifus* with Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3 | Appx21359-Appx21393 |
| 211. | 2021-08-17 (Dkt. 337) <u>**Sealed**</u> *Fintiv's **Reply** in Further Support of 275 Plaintiff Fintiv, Inc.'s Daubert Motion To Exclude The Disclosure And Declaration And Testimony Of Ahmer Khan* | Appx21394-Appx21403 |
| 212. | 2021-08-17 (Dkt. 338) <u>**Sealed**</u> *Fintiv's **Reply** In Further Support of 274 Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus* with Attachments: # 1 Declaration of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, #4 Exhibit 3. | Appx21404-Appx21466 |
| 213. | 2021-08-17 (Dkt. 339) <u>**Sealed**</u> *Fintiv's **Reply** In Further Support of 276 Fintiv, Inc.'s Daubert Motion To Exclude Portions Of Dr. Lynne Weber's Opening Expert Report And W. Christopher Bakewell's Opening Expert Report* | Appx21467-Appx21477 |
| 214. | 2021-08-17 (Dkt. 340) <u>**Sealed**</u>: *Fintiv's **Reply** In Further Support of 268 Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Opening Expert Report Regarding Damages Of W. Christopher Bakewell* | Appx21478-Appx21486 |
| 215. | 2021-08-17 (Dkt. 341) <u>**Sealed**</u>: *Fintiv's **Reply** in Further Support of 269 Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The March 22, 2021 Expert Report Of Lynne J. Weber, PH.D* | Appx21487-Appx21496 |

| 216. | 2021-08-17 (Dkt. 342) **Sealed** *Fintiv's **Reply** In Further Support of 278 Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* | Appx21497-Appx21505 |
|------|------|------|
| 217. | 2021-08-17 (Dkt. 343) **Sealed** *Fintiv's **Reply** In Further Support of 272 Plaintiff Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, PH.D* | Appx21506-Appx21515 |
| 218. | 2021-08-17 (Dkt. 344) **Sealed** *Fintiv's **Reply** In Further Support of 271 Fintiv, Inc.'s Motion To Strike And Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell* | Appx21516-Appx21526 |
| 219. | 2021-08-17 (Dkt. 345) **Sealed** *Fintiv's **Reply** in Further Support of 277 Fintiv, Inc.'s Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell* | Appx21527-Appx21537 |
| 220. | 2021-08-17 (Dkt. 347) **Sealed** ***Reply** In Support of 264 to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein* | Appx21538-Appx21595 |
| 221. | 2021-08-17 (Dkt. 348) **Sealed** *Apple's **Reply** In Support of 270 Sealed Motion for Summary Judgment of Noninfringement.* | Appx21596-Appx21611 |
| 222. | 2021-08-17 (Dkt. 349) **Sealed** *Fintiv's **Reply** Memorandum Of Law In Further Support Of Its Corrected Omnibus Motion For Partial Summary Judgment 280* **Corrected** / Plaintiff Fintiv, Inc.'s Corrected Omnibus Motion for Partial Summary Judgment (Dkt. 279) | Appx21612-Appx21672 |
| 223. | 2021-08-19 (Dkt. 350) **Sealed** *Apple's Motion in Limine* with Attachments: # 1 Maggiore Decl., # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 10, # 9 Exhibit 15, # 10 Exhibit 16, # 11 Exhibit 17, # 12 Exhibit 18, # 13 Exhibit 19, # 14 Exhibit 20, # 15 Exhibit 22) | Appx21673-Appx21818 |

| 224. | 2021-08-19 (Dkt. 351) **Sealed** *Fintiv's Motion In Limine No. 1* To Exclude References To Fintiv As A Non−Practicing Entity, Pejorative Description Of Fintiv, Prior Litigations And Investigations, Employment And Payroll Disputes Or Financial Status Of Fintiv Or Related Entities, Absence Of Inventors, Witness Testimony Instructed Not To Answer Or Not Provided, Its Agreements And Payments To Counsel, And Fintiv's Selection Of This Venue | Appx21819-Appx21834 |
|---|---|---|
| 225. | 2021-08-19 (Dkt. 352) Attachment (Non−Confidential Exhibits*)* to <u>350</u> Motion in Limine by Apple Inc. - Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 9, #4 Exhibit 11, # 5 Exhibit 12, # 6 Exhibit 13, # 7 Exhibit 14, # 8 Exhibit 21 | Appx21835-Appx21880 |
| 226. | 2021-08-19 (Dkt. 353) **Sealed** Fintiv's *Motion In Limine No. 2* To Exclude References To Certain Arguments Relating To Apples Reputation, Third− Party Witnesses, Damages Awards, And Prior Judicial Opinions with Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Proposed Order | Appx21881-Appx21951 |
| 227. | 2021-08-19 (Dkt. 354) **Sealed** *Fintiv,'s Motion In Limine No. 3* To Exclude Certain References To Arguments Relating To Non−Infringement And Invalidity with Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Proposed Order | Appx21952-Appx22095 |
| 228. | 2021-08-24 (Dkt. 356)*)*– Apple's Reply In Support of its Motion to Exclude The Opinions of Fintiv's Damagees Expert Roy Weinstein *(Public Version)* of <u>347</u> | Appx22096-Appx22109 |
| 229. | 2021-08-24 (Dkt. 357) Apple's Reply in Support of its Motion for Summary Judgment of Noninfringement *(Public Version)* of <u>348</u> | Appx22110-Appx22125 |

| 230. | 2021-08-24 (Dkt. 358) Transcript filed of Proceedings held on 8-23-21 | Appx22126-Appx22138 |
|---|---|---|
| 231. | 2021-08-24 (Dkt. 359) Plaintiff Fintiv Inc.'s Motion To Strike The Rule 26 Disclosure And Declaration, And Exclude Portions Of The Testimony, Of Ahmer Khan (***Public Version***) of 262 | Appx22139-Appx22149 |
| 232. | 2021-08-24 (Dkt. 360) Fintiv's Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus (***Public Version***) of 263 | Appx22150-Appx22162 |
| 233. | 2021-08-24 (Dkt. 361) Fintiv's Motion To Strike And Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus. ***(Public Version)*** of 266 | Appx22163-Appx22175 |
| 234. | 2021-08-24 (Dkt. 362) Fintiv's Daubert Motion To Exclude Portions Of The Expert Rebuttal Report And Testimony Of Henry Dreifus (Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1) (***Public Version***) of 267 | Appx22176-Appx22200 |
| 235. | 2021-08-24 (Dkt. 363), Fintiv's Reply In Further Support Of Its Daubert Motion To Exclude The Disclosure And Declaration And Testimony Of Ahmer Khan (Dkt. 275) ***Public Version*** of 337 | Appx22201-Appx22210 |
| 236. | 2021-08-24 (Dkt. 364) Fintiv's Reply In Support Of Daubert Motion To Exclude Portions Of The Opening Expert Report And Testimony Of Henry Dreifus (Dkt. 274) **Public Version** of 338 | Appx22211-Appx22228 |
| 237. | 2021-08-24 (Dkt. 365) Fintiv's Reply In Further Support Of Its Daubert Motion To Exclude Portions Of Dr. Lynne Weber's Opening Expert Report And W. Christopher Bakewell's Opening Expert Report (Dkt. 276) ***Public Version*** of 339 | Appx22229-Appx22239 |
| 238. | 2021-08-24 (Dkt. 366) Fintiv's Reply In Support Of Motion To Strike And Exclude | Appx22240-Appx22248 |

| | | |
|---|---|---|
| | Portions Of The Opening Expert Report Regarding Damages Of W. Christopher Bakewell (Dkt. 268) ***Public Version*** of <u>340</u> | |
| 239. | 2021-08-24 (Dkt. 367) Fintiv's Reply In Further Support Of Its Motion To Strike And Exclude Portions Of The March 22, 2021 Expert Report Of Lynne J. Weber, Ph.D (Dkt. 269) ***Public Version*** of <u>341</u> | Appx22249-Appx22258 |
| 240. | 2021-08-24 (Dkt. 368) Fintiv's Reply In Support Of Daubert Motion To Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, Ph.D (Dkt. 278) ***Public Version*** Of <u>342</u> | Appx22259-Appx22267 |
| 241. | 2021-08-24 (Dkt. 369) Fintiv's Reply In Support Of Motion To Strike And Exclude Portions Of The Rebuttal Expert Report Of Lynne J. Weber, Ph.D (Dkt. 272) ***Public Version*** of <u>343</u> | Appx22268-Appx22277 |
| 242. | 2021-08-24 (Dkt. 370) Fintiv's Reply In Further Support Of Its Motion To Strike And Exclude Portions Of The Expert Rebuttal Report And Testimony Of W. Christopher Bakewell (Dkt. 271) ***Public Version*** of <u>344</u> | Appx22278-Appx22288 |
| 243. | 2021-08-24 (Dkt. 371) Rebuttal Report And Testimony Of W. Christopher Bakewell (Dkt. 277) ***Public Version*** of <u>345</u> | Appx22289-Appx22299 |
| 244. | 2021-08-24 (Dkt. 372) - Fintiv's Reply Memorandum Of Law In Further Support Of Its Corrected Omnibus Motion For Partial Summary Judgment (Dkt. 280) ***Public Version*** of <u>349</u> | Appx22300-Appx22339 |
| 245. | 2021-08-27 (Dkt. 373) <u>**Sealed**</u> Motion Fintiv, Inc.'s Unopposed Motion For Leave To File Sur−Reply To Defendant Apple Inc.'s Motion To Exclude The Opinions Of Fintiv's Damages Expert Roy Weinstein by Attachments: # 1 Exhibit A, # 2 Declaration Of Roy Weinstein, # 3 Proposed Order) | Appx22340-Appx22358 |

| | | |
|---|---|---|
| 246. | 2021-08-30 (Dkt. 375) Motion in Limine by Apple Inc. *Public Version)* of 350 | Appx22359-Appx22386 |
| 247. | 2021-08-31 (Dkt. 376) **Sealed** Document: Fintiv.'s Omnibus Opposition To Apple's Motions In Limine (Dkt. 350) Sealed Motion in Limine by Apple Inc.  - (Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3 Part 1 of 2, # 5 Exhibit 3 Part 2 of 2, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8 Part 1 of 6, # 11 Exhibit 8 Part 2 of 6, # 12 Exhibit 8 Part 3 of 6, # 13 Exhibit 8 Part 4 of 6, # 14 Exhibit 8 Part 5 of 6, # 15 Exhibit 8 Part 6 of 6, # 16 Exhibit 9 Part 1 of 7, # 17 Exhibit 9 Part 2 of 7, # 18 Exhibit 9 Part 3 of 7, # 19 Exhibit 9 Part 4 of 7, # 20 Exhibit 9 Part 5 of 7, # 21 Exhibit 9 Part 6 of 7, # 22 Exhibit 9 Part 7 of 7, # 23 Exhibit 10, # 24 Exhibit 11 Part 1 of 2, # 25 Exhibit 11 Part 2 of 2, # 26 Exhibit 12, # 27 Exhibit 13, # 28 Exhibit 14, # 29 Exhibit 15, # 30 Exhibit 16, # 31 Exhibit 17, # 32 Exhibit 18, # 33 Exhibit 19, # 34 Exhibit 20, # 35 Exhibit 21, # 36 Exhibit 22, # 37 Exhibit 23, # 38 Exhibit 24, # 39 Exhibit 25, # 40 Exhibit 26, # 41 Exhibit 27, # 42 Exhibit 28, # 43 Exhibit 29, # 44 Exhibit 30, # 45 Exhibit 31, # 46 Exhibit 32, # 47 Proposed Order) | Appx22387-Appx23202 |
| 248. | 2021-08-31 (Dkt. 377) **Sealed** Apple's **Opposition** to Plaintiff's Motion in Limine No. 1  351 Sealed Motion Plaintiff Fintiv, Inc.'s Motion In Limine No. 1 To Exclude References To Fintiv As A Non−Practicing Entity, Pejorative Description Of Fintiv, Prior Litigations And Investigations, Employment And Payroll Disputes Or Financial Status (Attachments: # 1 Gibson Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E) | Appx23203-Appx23264 |

| | | |
|---|---|---|
| 249. | 2021-08-31 (Dkt. 378) **<u>Sealed</u>** Apple's **Opposition** to Plaintiff's Motion in Limine No. 2 of <u>353</u> Sealed Motion Plaintiff Fintiv, Inc.'s Motion In Limine No. 2 To Exclude References To Certain Arguments Relating To Apples Reputation, Third− Party Witnesses, Damages Awards, And Prior Judicial Opinions by Fintiv - (Attachments: # 1 Cunningham Decl., # 2 Exhibit A, # 3 Exhibit B) | Appx23265-Appx23302 |
| 250. | 2021-08-31 (Dkt. 379) **<u>Sealed</u>**: Apple's **Opposition** to Plaintiff's Motion in Limine No. 3 of <u>354</u> Sealed Motion Plaintiff Fintiv, Inc.'s Motion In Limine No. 3 To Exclude Certain References To Arguments Relating To Non−Infringement And Invalidity by Fintiv - Attachments: # 1 Cunningham Decl., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H) | Appx23303-Appx23406 |
| 251. | 2021-09-01 (Dkt. 381) **<u>Sealed</u>** Proposed Joint Final Pretrial Order by Fintiv - (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, #7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20) | Appx23407-Appx24291 |
| 252. | 2021-09-03 (Dkt. 382) Unopposed Sealed Motion Fintiv's Unopposed Motion For Leave To File Sur−Reply To Defendant Apple Inc.'s Motion To Exclude The Opinions Of Fintiv's Damages Expert Roy Weinstein - (Attachments: # 1 Exhibit A, # 2 Declaration Of Roy Weinstein, # 3 Proposed Order) *Public Version* of <u>373</u> | Appx24292-Appx24310 |
| 253. | 2021-09-07 (Dkt. 383) Fintiv's Omnibus Opposition to Apple's Motions *in Limine* (Dkt. 350) - (Attachments: # 1 Declaration of | Appx24311-Appx24607 |

| | | |
|---|---|---|
| | Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 17, # 4 Exhibit 18, # 5 Exhibit 19, # 6 Exhibit 22, # 7 Exhibit 23, # 8 Exhibit 26, # 9 Exhibit 27, # 10 Exhibit 28, # 11 Exhibit 30, # 12 Proposed Order) *Public Version* of 376 | |
| 254. | 2021-09-07 (Dkt. 384) Unopposed **Sealed** Motion for Leave to File Response to Fintiv's Sur‒Reply to Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein by Apple - (Attachments: # 1 Exhibit 1, # 2 Proposed Order) | Appx24608-Appx24618 |
| 255. | 2021-09-08 (Dkt. 385)  Fintiv, Inc - (Attachments: # 1 Exhibit 5, # 2 Exhibit 6, # 3 Exhibit 7, # 4 Exhibit 8, # 5 Exhibit 9, # 6 Exhibit 10, # 7 Exhibit 11, # 8 Exhibit 12, # 9 Exhibit 13, # 10 Exhibit 14, # 11 Exhibit 15, # 12 Exhibit 16) *Public Version* of 381 Sealed Document, | Appx24619-Appx25029 |
| 256. | 2021-09-09 (Dkt. 388) **Sealed** Fintiv's Proposed Joint Final Pretrial Order ‒ Supplemental And Amended Exhibits of 381 Sealed Document, Attachments: # 1 Exhibit A: Fintivs Supplemental Trial Witness List, # 2 Exhibit B: Apples Supplemental Trial Witness List, # 3 Exhibit C: Fintivs Second Amended Trial Exhibit List, # 4 Exhibit D: Apples Fourth Amended Trial Exhibit List, # 5 Exhibit E: Fintivs First Amended Proposed Voir Dire Statement, # 6 Exhibit F: Apples First Amended Proposed Voir Dire Statement) | Appx25030-Appx25352 |
| 257. | 2021-09-13 (Dkt. 389) Apple's Opposition to Fintiv's Motion in Limine No. 1 *Public Version* of 377 | Appx25353-Appx25368 |
| 258. | 2021-09-13 (Dkt. 390) Apple's Opposition to Fintiv's Motion in Limine No. *2 **Public Version** of 378* | Appx25369-Appx25382 |
| 259. | 2021-09-13 (Dkt. 391) *Apple's Opposition to Fintiv's Motion in Limine No. 3 **Public Version** of 379* | Appx25383-Appx25398 |

| 260. | 2021-09-13 (Dkt. 392) Apple's Unopposed Sealed Motion for Leave to File Response to Fintiv's Sur−Reply to Motion to Exclude the Opinions of Fintiv's Damages Expert Roy Weinstein - (Attachments: # 1 Exhibit 1) ***Public Version*** of 384 | Appx25399-Appx25408 |
|---|---|---|
| 261. | 2021-09-14 (Dkt. 393) **Sealed** Fintiv's Attachment [Amended] Exhibit C to the Proposed Joint Final Pretrial Order − Supplemental and Amended Exhibits *[Dkt. 388−3]* of 388 Sealed Document,, | Appx25409-Appx25625 |
| 262. | 2021-09-15 (Dkt. 394) Apple's Opposed Emergency Motion for a Continuance or, in the Alternative, a Stay Pending Mandamus | Appx25626-Appx25694 |
| 263. | 2021-09-16 (Dkt. 396) ORDER Granting 394 Motion to Continue: The Court will continue this trial for one week, with a new trial date of October 12, 2021 | Appx25695-Appx25697 |
| 264. | 2021-09-17 (Dkt. 397) **Sealed** Joint Notice Identifying Remaining Objections To Pretrial Disclosures And Disputes On Motions In Limine - (Attachments: # 1Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7Exhibit 7, # 8 Exhibit 8) | Appx25698-Appx26183 |
| 265. | 2021-09-23 (Dkt. 401) Minute Entry for Pre−Trial Conference by Zoom − proceedings held on 9/23/2021 Case called for pre− trial conference by Zoom. The Court heard argument on various pending issues. The Court Denied the Plaintiff's Omnibus Motion for Summary Judgment, Granted in part the Defendants Motion to Exclude Weinstein and Denied in Part the Defendant's Motion to Exclude Weinstein. The Court denied the defendant motion to exclude Dreifus' report and the Court denied the defendant's motion for Summary Judgment (ECF #270). There were many other issues to be handled so the Court set another zoom hearing to handle | Appx26184 |

| | | |
|---|---|---|
| | those for tomorrow at 9:00 am. There will be an Order forthcoming with the Court's rulings. | |
| 266. | 2021-09-24 (Dkt. 404) 9-23-21 Pretrial Conference **Sealed** Transcript filed | Appx26185-Appx26308 |
| 267. | 2021-09-24 (Dkt. 405) Minute Entry for proceedings held on 9/24/2021. Case called for a continuation of Pretrial Conference. The Court heard further pending motions/issues and made rulings. The Court will be issuing an Order on rulings | Appx26309 |
| 268. | 2021-09-24 (Dkt. 406) 9-24-21 Pretrial Conference **Sealed** Transcript filed | Appx26310-Appx26394 |
| 269. | 2021-09-26 (Dkt. 407) **Sealed** Apple's Supplemental Briefing in Support of Motion in Limine No. 8 of 350 Sealed Motion in Limine - (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) | Appx26395-Appx26418 |
| 270. | 2021-09-27 (Dkt. 408) **Sealed** Fintiv.'s Supplemental Opposition To Apple Inc.'s Motion In Limine No. 8 of 350 Sealed Motion in Limine by Apple Inc. - (Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2) | Appx26419-Appx26441 |
| 271. | 2021-09-28 (Dkt. 409) **Sealed** Apple's Supplemental Brief on Fintiv's Untimely OTA Proxy Theory of 263 Sealed Motion Plaintiff Fintiv, Inc.'s Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus by Fintiv, Inc. | Appx26442-Appx26445 |
| 272. | 2021-09-29 (Dkt. 410) **Sealed** Fintiv, Inc.'s Supplemental Brief On OTA Proxy of 263 Sealed Motion Plaintiff Fintiv, Inc.'s Motion To Strike Portions Of The Expert Rebuttal Report And Exclude Portions Of The Testimony Of Henry Dreifus by | Appx26446-Appx26450 |
| 273. | 2021-10-01 (Dkt. 411) Federal Circuit ORDER granting Petition for Writ of Mandamus filed by Petitioner Apple Inc. The | Appx26451-Appx26455 |

| | district courts September 8, 2021 order <u>386</u> re−transferring the trial from Austin to Waco is vacated and we remand with instructions that this action shall proceed in the Austin Division of the United States District Court for the Western District of Texas.; denying as moot motion for stay pending appeal under Rule 8/18 filed by Petitioner Apple Inc | |
|---|---|---|
| 274. | 2021-10-04 (Dkt. 412) ORDER − case is TRANSFERRED to the Austin Division of the Western District of Texas. It is Further ORDERED that this case is set for jury trial starting on January 10, 2022 at 9:00AM | Appx26456 |
| 275. | 2021-10-05 (Dkt. 414) Case Transfer and Opening Letter sent to all Counsel | Appx26457 |
| 276. | 2021-10-06 (Dkt. 415) ORDER, Jury Trial set for 1/10/2022 at 09:00 AM | Appx26458 |
| 277. | 2021-10-06 (Dkt. 416) Fintiv's Supplemental Brief on OTA Proxy ***Public Version*** of <u>410</u> | Appx26459-Appx26463 |
| 278. | 2021-10-06 (Dkt. 417) Apple's Supplemental Briefing in Support of Motion in Limine No.8 ***Public Version*** of <u>407</u> | Appx26464-Appx26468 |
| 279. | 2021-10-06 (Dkt. 418) Apple's Supplemental Brief on Fintiv's Untimely OTA Proxy Theory ***Public Version*** of <u>409</u> | Appx26468-Appx26472 |
| 280. | 2021-10-07 (Dkt. 419) ORDER, Jury Selection set for 1/6/2022 at 09:30AM before Judge Dustin M. Howell, | Appx26473 |
| 281. | 2021-10-08 (Dkt. 420) Standing Order Regarding Order Governing Proceedings Patent Cases | Appx26474-Appx26484 |
| 282. | 2022-04-14 (Dkt. 426) Standing Order Regarding Order Governing Proceedings Patent Cases | Appx26485-Appx26502 |
| 283. | 2022-06-06 (Dkt. 431) **<u>Sealed</u>** Fintiv's Emergency Motion For Reopening Of Discovery, Trial Continuance, And Sanctions - (Attachments: # 1 Declaration Of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, # 4 | Appx26503-Appx26783 |

| | | |
|---|---|---|
| | Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Declaration Of George Eubank, # 22 Exhibit A, # 23 Exhibit B, # 24 Exhibit C) (Waldrop, Jonathan). Added MOTION for Discovery, MOTION for Sanctions on 6/7/2022 (klw). | |
| 284. | 2022-06-07 (Dkt. 433) ORDER GRANTING Plaintiff's 431 Sealed Motion for Trial Continuance. ORDER VACATING jury selection set for Thursday, June 16, 2022 and trial set for Tuesday, June 21, 2022. | Appx26784 |
| 285. | 2022-06-13 (Dkt. 435)   Fintiv's Emergency Motion For Reopening Of Discovery, Trial Continuance, And Sanctions by Fintiv, Inc. MOTION for Discovery MOTION for Sanctions Attachments: #1 Exhibit Declaration of Jonathan K. Waldrop, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit Declaration of George Eubank, # 22 Exhibit A, # 23 Exhibit B, # 24 Exhibit C) **Public Version** of 431 | Appx26785-Appx26907 |
| 286. | 2022-06-23 (Dkt. 437) **Sealed** Apple's Opposition *to* 431 Fintiv's Emergency Motion For Reopening Of Discovery, Trial Continuance, And Sanctions for Discovery MOTION for Sanctions (Attachments: # 1 Exhibit A) | Appx26908-Appx27038 |
| 287. | 2022-06-23 (Dkt. 438), Plaintiff Fintiv, Inc.'s | Appx27039-Appx27054 |

| | | |
|---|---|---|
| | Emergency Motion For Reopening Of Discovery, Trial Continuance, And Sanctions **Public Version** of <u>437</u> | |
| 288. | 2022-06-24 (Dkt. 439) 6-24-22 PreTrial Conference Hearing Sealed Transcript filed | Appx27055-Appx27124 |
| 289. | 2022-06-24 (Dkt. 440) Minute Entry for proceedings held before Judge Alan D Albright: Miscellaneous Hearing held on 6/24/2022. | Appx27125 |
| 290. | 2022-08-08 (Dkt. 442) Joint Status Report | Appx27126-Appx27129 |
| 291. | 2022-08-31 (Dkt. 443) Joint Status Report | Appx27130-Appx27133 |
| 292. | 2022-12-06 (Dkt. 445) ORDER Setting Zoom Discovery for 12/16/2022 03:00 PM) | Appx27134 |
| 293. | 2022-12-06 (Dkt. 446) ORDER, ( Discovery Hearing reset for 12/13/2022 at 01:30 PM) | Appx27135 |
| 294. | 2022-12-13 (Dkt. 447) ORDER, ( Discovery Hearing reset for 12/13/2022 at 03:00 PM) | Appx27136 |
| 295. | 2022-12-13 (Dkt. 448) Minute Entry for proceedings held before Judge Alan D Albright: Sealed Proceeding held on 12/13/2022 | Appx27137 |
| 296. | 2022-12-15 (Dkt. 449) 12-13-22 Discovery Hearing **Sealed** Transcript | Appx27138- Appx27189 |
| 297. | 2022-12-21 (Dkt. 450) **<u>Sealed</u>** Order Regarding the December 13, 2022 Discovery Dispute Hearing | Appx27190- Appx27199 |
| 298. | 2022-12-21 (Dkt. 451) **Public Version** of re <u>450</u> Sealed Order Regarding the December 13, 2022 Discovery Dispute Hearing. | Appx27200- Appx27209 |
| 299. | 2023-04-21 (Dkt. 455) ORDER, (Settlement Conference set for 6/8/2023 at 09:00 AM before Judge Alan D Albright,). | Appx27210 |
| 300. | 2023-04-24 (Dkt. 456) ORDER Setting Hearing | Appx27211 |
| 301. | 2023-04-24 (Dkt. 457) ORDER Setting Hearing | Appx27212 |
| 302. | 2023-05-11 (Dkt. 458) Minute Entry for proceedings held before Judge Jeffrey C. Manske: Status Conference held on 5/11/2023 | Appx27213 |

| 303. | 2023-05-22 [459] Transcript of Status Conference Hearing of May 11, 2023 with Request Form | Appx27214- Appx27230 |
|---|---|---|
| 304. | 2023-06-07 (Dkt. 460) ORDER Setting Zoom Pretrial Conference for 6/13/2023 | Appx27231 |
| 305. | 2023-06-07 (Dkt. 461) ORDER, ( Jury Selection and Trial set for 7/10/2023 at 09:00 AM before Judge Alan D Albright,). | Appx27232 |
| 306. | 2023-06-09 (Dkt. 462) ORDER RESETTING Zoom Pretrial Conference | Appx27233 |
| 307. | 2023 06 13 [464] **Sealed** -Transcript of Pretrial Conference - June 13, 2023 with Request form | Appx27234- Appx27303 |
| 308. | 2023-06-13 (Dkt. 465) Minute Entry for proceedings held on 6/13/2023. Statements And Arguments Of Counsel Heard, Motion For Summary Judgment Granted, Written Order Forthcoming, The Trial Will Be Removed From The Court's Docket. | Appx27304 |
| 309. | 2023-06-13 (Dkt. 466) Order Cancelling Jury Selection And Trial on July 10, 2023 | Appx27305 |
| 310. | 2023-06-21 (Dkt. 467) Sealed Order Granting MSJ | Appx27306-Appx27315 |
| 311. | 2023-06-28 (Dkt. 468) Redacted Copy of 467 Sealed Order Granting 270 | Appx27316-Appx27325 |
| 312. | 2023-06-30 (Dkt. 471) **Sealed**  Fintiv's Notice Of Filing Demonstratives (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) | Appx27326-Appx27486 |
| 313. | 2023-07-21 (Dkt. 472) Bill Of Costs by Apple Inc | Appx27487-Appx27491 |
| 314. | 2023-07-21 (Dkt. 473) Apple's Memorandum in Support of 472 Bill of Costs - (Attachments: # 1 Exhibit A to Memorandum ISO Bill of Costs, # 2 Exhibit B to Memorandum ISO Bill of Costs, # 3 Exhibit C to Memorandum ISO Bill of Costs, # 4 Exhibit D to Memorandum ISO Bill of Costs, # 5 Exhibit E to Memorandum ISO Bill of Costs, | Appx27492-Appx27662 |

| | # 6 Exhibit F to Memorandum ISO Bill of Costs, # 7 Exhibit G to Memorandum ISO Bill of Costs) | |
|---|---|---|
| 315. | 2023-07-21 (Dkt. 474) Fintiv's Motion Objecting To Apple's Bill Of Costs re 472 Bill of Costs | Appx27663-Appx27674 |
| 316. | 2023-07-21 (Dkt. 475) Deficiency NOTICE: re 474  Plaintiff Fintiv Inc.'s Motion Objecting To Apple Inc.'s Bill Of Costs re 472 Bill of Costs | Appx27675 |
| 317. | 2023-07-21 (Dkt. 476) Appeal of Final Judgment 469 by Fintiv, Inc | Appx27676-Appx27680 |
| 318. | 2023-07-28 [477] Fintiv's Motion Objecting to Apple's Bill of Cost and [Proposed] Order | Appx27681-Appx27692 |
| 319. | 2023-08-03 [478] Apple's Reply response to Motion re  Bill of Costs | Appx27693-Appx27701 |
| 320. | 2023-08-10 [479] Fintiv's Response to Apple's Reply In Support of its Bill of Costs | Appx27702- Appx27706 |

### Note Regarding Confidential Material

Material redacted in documents at Appendix pages Appx00006, Appx00008-00009, Appx0012-00022, Appx03815-03818, Appx04235, Appx04240-04247, Appx04292-04297, Appx04303-04307, Apppx04320, Appx04367, Appx04371-04374, Appx04613-04618, Appx04735-04740, Appx04867-4873, Appx04904-04916, Appx04922-04941, Appx04960-04973, Appx04976-04984, Appx06406-06410, Appx08127, Appx08131-08137, Appx09809-09815, Appx10026, Appx10029-10038, Appx10447-10455, Appx10757, Appx10802-10811, Appx10826-10834, Appx10869-10875, Appx10887-Appx10894, Appx10985-10990, Appx11052-11058, Appx14044, Appx14049-Appx14066, Appx15160, Appx15163-15164, Appx15169, Appx15171, Appx15173-15180, Appx15220, Appx15231-15254, Appx15290-15295, Appx15428-15455, Appx16105-16122, Appx16728-16735, Appx18495-18499, Appx18601-18619, Appx18648-18988, Appx19032, Appx19083-19092, Appx19102-19128, Appx19162-19166, Appx19172-19176, Appx19199-19213, Appx19238-19242, Appx19306-19341, Appx19350-19358, Appx19359-19381, Appx21604-21607, Appx25050, Appx25282-25284, Appx26185, Appx26282-26306, Appx26504-26509, Appx26543-26545, Appx26730-26731, Appx26734-23783, Appx26902-26903, Appx26911, Appx26913, Appx26915-26916, Appx27234-27301. Appx27320, Appx27322-27323, Appx27331, Appx27337-27344, Appx27355, Appx27373-27377, of the non-confidential version of this Appendix, and highlighted in the confidential version are the Confidential Sealed versions which Appellee Apple requests that the confidential designations from the district court be maintained. The redacted material consists of confidential Apple business information.

This information was filed with the district court and sealed under the Protective Order (xxxvii-lxvii / Appx01536-Appx01566) entered by the Hon. Alan D. Albright on August 7, 2019, both of which are reproduced below per Federal Circuit Rule 25.1.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| FINTIV, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 6:18-cv-372-ADA |
| | § | |
| APPLE, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Fintiv, Inc. ("Plaintiff") and Defendant Apple Inc. ("Defendant") (collectively the "Parties" or singularly "Party") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**AGREED PROTECTIVE ORDER – PAGE 1**

1.    **PURPOSES AND LIMITATIONS**

     (a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

     (b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

     (a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

     (b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this case.

     (c)    "Patents-in-suit" means U.S. Patent No. 8,843,125, and any other patent asserted in this case, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

**AGREED PROTECTIVE ORDER – PAGE 2**

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**AGREED PROTECTIVE ORDER – PAGE 3**

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court, including sealed filings authorized by Paragraph 15(b) of this Order.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    **DURATION**

Even after Final Disposition of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without

**AGREED PROTECTIVE ORDER – PAGE 4**

limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

        (b)      <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by the Producing Party shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of mobile payment hardware or software, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of mobile payment hardware or software. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, including reexamination, inter partes review, covered business method review, or any post-grant review proceedings in the United States Patent and Trademark Office or elsewhere ("Post-Grant Activity"). These prohibitions are not intended to and shall not preclude Plaintiff's litigation counsel from participating in any Post-Grant Activity, except that Plaintiff's litigation counsel may not advise on, consult on, prepare, prosecute, draft, edit, and/or amend patent claims, or otherwise advise on or affect the scope of claims in patents or patent applications relating to the functionality, operation, and design of mobile payment hardware or software, before any foreign

or domestic agency, including the United States Patent and Trademark Office. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" are first received by the affected individual, and shall end two (2) years after the Final Disposition of this case, including all appeals.

      (c)    Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

      (d)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

      (e)    Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to an order of the Court.

**AGREED PROTECTIVE ORDER – PAGE 6**

7.    **DESIGNATING PROTECTED MATERIAL**

     (a)    <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

     (b)    <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

     (c)    Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court

proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the confidentiality designation of the Producing Party and include the production number and designation associated with the native file. No one shall seek to use in this case a .tiff, .pdf or other image format version of a document produced in native file format without also providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered.

        (d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate confidentiality designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no confidentiality designation on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the thirty (30) day time period in which it may be appropriately designated, as provided for herein, has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this

matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

    (a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

    (b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

        (i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

        (ii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

xlv

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this case, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers, and videographers retained to record testimony taken in this case;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Any outside expert or consultant retained by the Receiving Party to assist in this case, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

> (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this case;

> (iv)    The Court, jury, and court personnel;

> (v)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

> (vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

> (vii)    Any other person with the prior written consent of the Producing Party.

10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

**AGREED PROTECTIVE ORDER – PAGE 12**

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this case, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this case, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

xlix

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this case;

(iv)     The Court, jury, and court personnel;

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)     Any other person with the prior written consent of the Producing Party.

## 11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Redwood Shores office of its outside counsel, Kasowitz Benson Torres LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Defendant will be made available for inspection at the Menlo Park, CA office of its outside counsel, Orrick, Herrington & Sutcliffe LLP, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide five (5) business days' notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

**AGREED PROTECTIVE ORDER – PAGE 14**

1

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the software tools do not permit the compiling (running) of Source Code and the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, except as provided in Paragraph 11(c)(iii), personal digital assistants (PDAs, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of

**AGREED PROTECTIVE ORDER – PAGE 15**

any kind, (e.g., USB memory sticks and portable hard drives), shall be permitted into the Source Code Review Room.

(iii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives in the Source Code Review Room during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.  During the Receiving Party's review of the Source Code, the Producing Party shall not otherwise interfere with the Receiving Party's review of the Source Code and shall not be permitted access to the Receiving Party's notes, work product, or discussions inside the review room or following each day's inspection of the Source Code.  During the Source Code review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and work.  To the extent such a break-out room is not reasonably available, the Producing Party agrees to so notify the Receiving Party at least three (3) business days in advance of any day on which the Receiving Party's Source Code reviewers are expected to inspect the Source Code.

(v)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party

**AGREED PROTECTIVE ORDER – PAGE 16**

may print limited portions of the Source Code only when necessary to prepare court filings or

pleadings or other papers (including a testifying expert's expert report). Any printed portion that

consists of more than twenty (20) pages of a continuous block of Source Code shall be presumed

to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a

printed copy. The Receiving Party may print out no more than 250 pages total. The Receiving

Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first

instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code

Computer, as the Parties acknowledge and agree that the purpose of the protections herein would

be frustrated by printing portions of code for review and analysis elsewhere, and that printing is

permitted only when necessary to prepare court filings or pleadings or other papers (including a

testifying expert's expert report). Upon printing any such portions of Source Code, the printed

pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy,

and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any

pages printed by the Receiving Party. Within five (5) business days, the Producing Party shall

either (i) provide one copy set of such pages to the Receiving Party or confirm that the copy has been

sent to the Receiving Party via courier for two day delivery with a tracking number or (ii) inform the

Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted

purpose. The Parties shall meet and confer within two (2) business day of any such objection. If

after meeting and conferring the Parties cannot resolve the objection, the objection may be jointly

submitted to the Court for resolution within three (3) business days of the meet and confer. The

burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is

reasonably necessary for a permitted purpose and not merely printed for the purposes of review and

analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this case.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

**AGREED PROTECTIVE ORDER – PAGE 18**

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(ix)   The Receiving Party's Outside Counsel may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)   The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of Defendant's Source Code (except insofar as such code appears in any court filing or expert report).

(xi)   The Receiving Party may bring three (3) copies of the printed Source Code to the deposition unless the Producing Party notifies the Receiving Party in advance of the deposition that the Producing Party will provide a Source Code computer at the deposition containing all of the Source Code the Receiving Party previously printed, in computer-searchable

format. Further, the Receiving Party may bring to the deposition copies of any expert reports or pleadings containing source code, including any annotated copies of such documents containing source code. Only persons permitted to see the Source Code under the provisions of this Order shall be allowed to attend any deposition where Source Code is disclosed or discussed. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic

files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12. **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of the past ten (10) years of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the Person is employed or to whom the person provides consulting services relating to the design,

development, operation, or patenting of mobile payment hardware or software, or relating to the acquisition of intellectual property assets relating to mobile payment hardware or software;

(v) an identification of all pending patent applications on which the Person is named as an inventor or in which the Person has any ownership interest, or as to which the Person has had any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of this case, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of mobile payment hardware or software, or the acquisition of intellectual property assets relating to mobile payment hardware or software.

(b) Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the

Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the

foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the

**AGREED PROTECTIVE ORDER – PAGE 24**

following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.   **SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.   **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested Parties or non-parties, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    In lieu of Local Rule 5.2, any Party may file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order, provided that the opposing Party may challenge the propriety of sealing with seven (7) days of the sealed filing. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to

**AGREED PROTECTIVE ORDER – PAGE 25**

production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless the Receiving Party knows that the document was inadvertently not designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all

**AGREED PROTECTIVE ORDER – PAGE 27**

reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

      (b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

     19.    **FINAL DISPOSITION**

      (a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned case with prejudice, including all appeals.

      (b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

     20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

      (a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

      (b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

**AGREED PROTECTIVE ORDER – PAGE 28**

21. **MISCELLANEOUS**

(a)      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)      Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned case.  The Court shall retain jurisdiction after Final Disposition of the above-captioned case to hear and resolve any disputes arising out of this Protective Order.

(c)      Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)      Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this case or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this case or any other proceeding.

(e)      Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level

of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Western District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Texas.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Texas, or the Court's own orders.


**SO ORDERED.**


Signed this 7th day of August, 2019.

Alan D Albright


**AGREED PROTECTIVE ORDER – PAGE 30**

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Fintiv, Inc. v. Apple, Inc.*, United States District Court, Western District of Texas, Waco Division, Civil Action No. 6:18-cv-372-ADA. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

**AGREED PROTECTIVE ORDER – PAGE 31**

# Confidential Material Omitted

## Sealed – Redacted in Full

Appx04303 – Appx04307

Appx04320

Appx4367

Appx04371 – Appx04374

# Exhibit A

# Apple Infringing Functionality and Devices

# Preliminary Infringement Chart

# Confidential Material Omitted

Sealed – Redacted in Full

Appx04613 – Appx04618

# Exhibit A

# Apple Infringing Functionality and Devices

# Amended Preliminary Infringement Chart

# Confidential Material Omitted

## Sealed – Redacted in Full

Appx04735 – Appx04740

Appx04867 – Appx04873

Appx04904 – Appx04916

Appx04922 – Appx04941

Appx04960 – Appx04973

Appx04976 – Appx04984

Appx06406 – Appx06410

1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE WESTERN DISTRICT OF TEXAS
 2                              WACO DIVISION
     FINTIV, INC.                        *
 3                                       *
     VS.                                 * CIVIL ACTION NO. A-19-CV-1238
 4                                       *
     APPLE, INC.                         *     August 5, 2020
 5
          BEFORE THE HONORABLE ALAN D ALBRIGHT, JUDGE PRESIDING
 6                       DISCOVERY HEARING (ZOOM)

 7   APPEARANCES:

 8   For the Plaintiff:        J. Mark Mann, Esq.
                               Andy W. Tindel, Esq.
 9                             Mann Tindel Thompson
                               300 W. Main St.
10                             Henderson, TX 75652

11                             Jonathan K. Waldrop, Esq.
                               Paul G. Williams, Esq.
12                             Kasowitz Benson Torres LLP
                               1349 West Peachtree Street N.W.
13                             Suite 1500
                               Atlanta, GA 30309
14
                               George Philip Cowden, Esq.
15                             The Cowden Law Firm, PLLC
                               110 N. College Ave, Suite 1010
16                             Tyler, TX 75702

17                             Darcy L. Jones, Esq.
                               Heather S. Kim, Esq.
18                             Jack Shaw, Esq.
                               Marcus A. Barber, Esq.
19                             Kasowitz Benson Torres, LLP
                               333 Twin Dolphin Drive, Suite 200
20                             Redwood Shores, CA 94065

21
     For Defendant Apple:      Claudia Wilson Frost, Esq.
22                             Jeff Quiliri, Esq.
                               Orrick, Herrington & Sutcliffe LLP
23                             609 Main, 40th Floor
                               Houston, TX 77002
24

25
```

53

 1   construction is the identification of claim terms themselves

 2   which would need to be construed.  And the fact that they are

 3   applying the claims and the claim terms in a different way does

 4   implicate the need to construe additional or different claims

 5   that -- for which there was no reason to bother construing them

 6   before because it wouldn't make a difference to the case.

 7        And so I want to be very clear that we are not arguing, as

 8   Mr. Waldrop has suggested, that you look at the accused

 9   products and construe a claim in view of the product.  We are

10   talking about the need for claim construction, the

11   identification of claim terms in dispute that are necessitated

12   by plaintiff's allegations of new products and reading and

13   applying the claims in new and different ways.

14        THE COURT:  Mr. Waldrop, anything to add?

15        MR. WALDROP:  Yes, Your Honor.  One thing I want to make

16   abundantly clear, Your Honor, there's not one single sentence

17   from any of the searches that Mr. Jensen references that says

18   that the secure element is on the iPads and Macs.  That was

19   confirmed through obtaining confidential information from

20   Apple.  There is nothing in the evidence that he cites that

21   says a secure element is on the iPads and Macs.  I just want to

22   make sure that's clear, Your Honor, when he cites to publicly

23   available information.

24        And, two, Your Honor, we take our obligation seriously and

25   we needed to make sure that the products worked in the same

```
 1   way.

 2       And as to Mr. Jensen's regarding new claim construction,

 3   Your Honor, I feel like, Your Honor, that is a position of

 4   using noninfringement -- Apple's noninfringement positions to

 5   relitigate claim construction.  I don't think that is what the

 6   Court thinks is the proper way to do claim construction.  I

 7   think these issues have been addressed, and so we don't believe

 8   that these terms or new terms need to be addressed, Your Honor,

 9   in light of the accused products.  And I'll stop with that,

10   Your Honor.

11       THE COURT:  Okay.  Anything else?

12       MR. JENSEN:  Yeah.  I would just refer Your Honor to the

13   exhibits cited on Page 6 of our brief which are indisputably

14   public and indisputably say things like the secure element will

15   allow a payment to be made on iPad.  I don't know what else to

16   say other than to look at the public document which states what

17   it states.

18       THE COURT:  Okay.  That's -- I think I have everyone's

19   position.  I'm going to put you on mute.  If y'all would not

20   leave.  I'm going to talk to my clerk for just a second.

21       (Off-the-record discussion.)

22       THE COURT:  Okay.  Folks, I'm back.  Can everybody hear

23   me?

24       MR. JENSEN:  Yes, Your Honor.

25       MR. WALDROP:  Yes, Your Honor.
```

55

1          THE COURT:  Okay.  Very good.

2          MR. RAVEL:  Yes.

3          THE COURT:  What I'm going to do will probably make

4   everyone equally -- if everyone is not equally unhappy, then

5   I've failed.  But I'm -- I think I may have come up with a

6   way -- I'm going to do my very best to protect both parties in

7   this.  So here's what I'm going to do.

8          First I am going to allow in the additional products.

9   Apple has raised the necessity that there may be a need for an

10  additional Markman.  So I'm going to give you until -- the

11  parties until August 12th -- give me one second.  I lost my

12  calendar.  I'm going to give the parties until August 12th to

13  meet and confer and to tell the Court what additional claim

14  terms, if any, need to be construed.  I'm typically not of the

15  mind to put a limitation on this, but I will say that from my

16  talking to Josh and my general familiarity with the case, I --

17  if there are more than three, I'll be a little concerned, but I

18  understand there may be a couple of key claim terms that need

19  to be -- that need to be construed.

20         The parties will have until August 24th to brief their

21  positions.  There will be no responsive briefing.

22         The Court will conduct a Markman on those claim terms on

23  August 28th by Zoom.

24         The plaintiff will then have two weeks from the 28th,

25  which I have as September 11th, to provide any additional

56

1    infringement contentions it believes are appropriate.

2        The defendant will then have one month, which this is

3    going to be really tough for me, but -- and you all check me.

4    I think that makes it October 9th.  If I got that wrong,

5    Mr. Jensen, let me know.  But Apple will have until October 9th

6    to do invalidity contentions.

7        In the interim, I'm going to stay everything that's going

8    on because I worry that there may -- that -- I'm just worried

9    about what -- the concerns Apple has raised with regard to the

10   issues that they raised.

11       But let me tell the parties what I am considering doing

12   with this case.  After we get Apple's invalidity contentions,

13   after the plaintiff does, I'm going to set a hearing very

14   shortly after that date and figure out what to do with regard

15   to the trial in March.  There is a strong possibility that what

16   I will do in this case is bifurcate the two sets of products

17   and allow the products that are currently in the case to go to

18   trial and hold the trial date in March, and then if Apple is

19   concerned that they don't have an opportunity to fully defend

20   the allegations against the new products, we'll have a second

21   trial with respect to those products.

22       I'm not currently inclined to postpone the March trial

23   date.  That being said, what I'm doing my very best to do and

24   the reason I took so much time on the break was I want to make

25   certain that Apple has every opportunity in the first trial

1   to -- anything they want to use with regard to invalidity in

2   the first trial, I want to make sure that they have that

3   opportunity to do.

4       Now, this could make for a very crowded five and a half or

5   six months to get to trial even as it's set, and I don't know

6   that I might not adjust that trial date back very slightly if

7   we see that it's impossible to get it done, but for right now

8   I'm going to maintain the trial date, at least on the products

9   that were in the case before I held the hearing this morning,

10  in March, and if Apple believes they need a second trial, I

11  will take that under consideration.

12      Hold on one second.

13      And let me say this.  I may very well -- what I'll do at

14  the end of the Markman after I get -- after I give you the

15  Court's final constructions, I will take up whether or not the

16  stay should be lifted at that time.  There are constructions I

17  could give where I could be persuaded that there is no need to

18  continue the stay depending on what constructions I give.  I

19  could be persuaded there might be a need for it.  So please

20  come to the Markman prepared to argue whether or not I should

21  lift the stay with respect to the products that are currently

22  in the case at least.

23      Having said all that, Mr. Waldrop, is there anything that

24  you'd like to suggest to the Court about what I'm proposing?

25      MR. WALDROP:  No, Your Honor.  We understand and we

58

1    appreciate the Court's consideration and carefulness and we are

2    very thankful for your time, Your Honor.

3         THE COURT:  Mr. Jensen?

4         MR. JENSEN:  I think we're equally unhappy is the way you

5    put it.  I don't have anything else and appreciate your time.

6         I would like to double-check with Ms. Frost if there's any

7    other issues that we needed to take up on this call.

8         MS. FROST:  Yes, Your Honor.  I'm still trying to digest

9    what's just happened here.

10        THE COURT:  Okay.

11        MS. FROST:  And I think unless I hear a -- if Your Honor

12   would give me just a minute, I want to -- I think we'll just

13   confirm a couple of things if I may.

14        THE COURT:  Sure.

15        MS. FROST:  So there's a -- there's a willfulness issue

16   that -- and injunctive relief issue that Fintiv is seeking to

17   leave to amend the complaint to add that's still live.  I

18   don't -- it's sort of a gating issue, I suppose, that the reply

19   brief is due next Monday.  I don't know whether the Court wants

20   to put that under the stay or --

21        THE COURT:  No.  I don't.

22        MS. FROST:  Okay.

23        THE COURT:  Let's get that done for sure.  In fact, thank

24   you, Ms. Frost, for raising that.  We'll -- as soon as we

25   are -- as soon as that's ripe, if you or someone on your team

# **Confidential Material Omitted**

## Sealed – Redacted in Full

Appx08127

Appx08131 – Appx08137

Appx09809 – Appx09815

```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                    AUSTIN DIVISION

 3   FINTIV, INC.            ) Docket No. A 19-CA-1238 ADA
                             )
 4   vs.                     ) Austin, Texas
                             )
 5   APPLE, INC.             ) September 1, 2020

 6

          TRANSCRIPT OF VIDEOCONFERENCE MOTION HEARING
 7            BEFORE THE HONORABLE ALAN D. ALBRIGHT

 8

 9   APPEARANCES:

10   For the Plaintiff:       Mr. Marcus A. Barber
                              Ms. Darcy L. Jones
11                            Ms. Heather S. Kim
                              Mr. Jack Shaw
12                            Mr. Jonathan K. Waldrop
                              Kasowitz, Benson, Torres, LLP
13                            333 Twin Dolphin Drive, Suite 200
                              Redwood Shores, California 94065
14
                              Mr. Andy W. Tindel
15                            Mann, Tindel & Thompson
                              112 East Line Street, Suite 304
16                            Tyler, Texas 75702

17                            Mr. J. Mark Mann
                              Mann, Tindel & Thompson
18                            300 West Main Street
                              Henderson, Texas 75652
19
20   For the Defendant:       Ms. Claudia W. Frost
                              Orrick, Herrington
21                            & Sutcliffe, LLP
                              609 Main Street, 40th Floor
22                            Houston, Texas 77002

23                            Mr. Travis Jensen
                              Orrick, Herrington
24                            & Sutcliffe, LLP
                              1000 Marsh Road
25                            Menlo Park, California 94025
```

16:34:19  1  responding to discovery, I'm specifically talking about

16:34:22  2  the discovery requests that were propounded prior to the

16:34:25  3  amendment.  And as we went through before, really, the

16:34:29  4  relevant one there is RFP No. 6 that requested information

16:34:32  5  related to when Apple learned of the 125 patent.  And as

16:34:36  6  I've already mentioned, Apple didn't learn of the 125

16:34:39  7  patent until the filing of the complaint.

16:34:41  8          We have no record of receiving the presentation

16:34:46  9  that came up in Mr. Luther's deposition.  At least we

16:34:49  10  haven't located a copy of it so far, despite a reasonable

16:34:52  11  investigation into that, as well.  And none of the

16:34:55  12  interrogatories that asked for the names of Apple

16:34:59  13  employees prior to the amendment deadline would have

16:35:01  14  turned up either Mr. Parker or Mr. Miller.  The relevant

16:35:04  15  one there was Interrogatory No. 2 that requested the names

16:35:08  16  of individuals who developed or worked on the accused

16:35:13  17  technologies.

16:35:14  18          And that leads me to another point that I want to

16:35:16  19  make sure I respond to.  It is certainly the case that Mr.

16:35:23  20  Miller has a position at Apple that it relates to Apple

16:35:26  21  Pay, but as the declaration clearly shows, it's not a

16:35:31  22  technical position, it's business position.  He's in sales

16:35:33  23  and business development.  He's not working on developing

16:35:36  24  the accused technology.  He's not making the decision to

16:35:39  25  sell the products.  And so, again, it simply fails the

16:35:43  1  plausibility test that he would be bringing along

16:35:46  2  knowledge of these very refined technical points simply as

16:35:51  3  a result of a job change.  So I want to make sure that's

16:35:55  4  up there.

16:35:59  5         And I think I will leave it at that for the

16:36:02  6  moment unless the Court has further questions.

16:36:05  7         THE COURT:  Mr. Waldrop, anything else?

16:36:08  8         MR. WALDROP:  Only, your Honor, that, you know,

16:36:10  9  they're testifying for Mr. Miller and what he knows, and

16:36:12  10 we haven't had the opportunity to do so.  Once again, this

16:36:15  11 sounds like MSJ, your Honor.

16:36:17  12        And the final thing, your Honor, is back to my

16:36:20  13 point.  I guess if we weren't asking the right questions,

16:36:24  14 maybe Apple wasn't asking the right questions, as well,

16:36:26  15 regarding the people who were in their organization who

16:36:28  16 knew about this.  And I can guarantee your Honor, I can

16:36:31  17 absolutely guarantee you, had they disclosed Jason Miller

16:36:34  18 on their Rule 26 disclosures, that alone, your Honor,

16:36:39  19 would have obviated the need for this in it.

16:36:44  20        But the other information that was garnered after

16:36:46  21 that would fully support it.  But that alone, just the

16:36:49  22 identification of Mr. Miller and his connection to the

16:36:51  23 predecessor and his role as a project manager in the very

16:36:56  24 technology space and that he was working at Apple on Apple

16:37:00  25 Pay, I mean, your Honor, I just can't believe someone

| | |
|---|---|
| 16:37:03 | 1 |
| 16:37:07 | 2 |
| 16:37:09 | 3 |
| 16:37:12 | 4 |
| 16:37:12 | 5 |
| 16:37:13 | 6 |
| 16:37:17 | 7 |
| 16:37:19 | 8 |
| 16:37:20 | 9 |
| 16:37:23 | 10 |
| 16:38:43 | 11 |
| 16:38:43 | 12 |
| 16:38:45 | 13 |
| 16:38:51 | 14 |
| 16:38:55 | 15 |
| 16:39:01 | 16 |
| 16:39:06 | 17 |
| 16:39:09 | 18 |
| 16:39:17 | 19 |
| 16:39:21 | 20 |
| 16:39:24 | 21 |
| 16:39:28 | 22 |
| 16:39:36 | 23 |
| 16:39:41 | 24 |
| 16:39:46 | 25 |

1  would not think that's relevant and would not implicate

2  wilfulness.

3          I have nothing further unless you have questions,

4  your Honor.

5          THE COURT:  Mr. Quilici.

6          MR. QUILICI:  I believe we've covered all that

7  ground several times, your Honor.  So I will leave it at

8  that unless the Court has further questions.

9          THE COURT:  I don't.  I'm going to -- I'll be

10  back in just a couple of minutes.

11          (Recess.)

12          THE COURT:  If we could go back on the record,

13  please.  It looks like at least the folks who are arguing

14  are all on board, but, more importantly, Lily is.

15          So the Court is -- I think having done it a long

16  time myself, I certainly think plaintiff's counsel was

17  reasonably diligent.  However, I also think Apple's

18  counsel was reasonably diligent.  I understand your huge

19  disagreement over that, but that's my perception.

20  Therefore, I find that there is not good cause to allow

21  the amendment to add willfulness.

22          I will add that it is my -- I probably shouldn't,

23  but I will add, anyway, put on the record that I have a

24  very strong feeling -- especially I'm going to say this

25  because, ultimately, it will be up to me to decide from

| | | |
|---|---|---|
| 16:39:48 | 1 | everything I can see of this, I'm pretty certain I'd see |
| 16:39:54 | 2 | this as a -- it will be futile. |
| 16:39:56 | 3 | I understand, Mr. Waldrop, there's some discovery |
| 16:39:59 | 4 | you might have wanted to take, and I guess if right things |
| 16:40:05 | 5 | happen, wrong things, but I guess if the circuit decides I |
| 16:40:08 | 6 | should have allowed you to do this, then you'll get to do |
| 16:40:11 | 7 | that discovery.  You'll get to amend your pleadings if |
| 16:40:14 | 8 | that's the way this goes. |
| 16:40:16 | 9 | But the Court finds that there's not good cause |
| 16:40:18 | 10 | to allow the amendment in this case.  The Court is going |
| 16:40:23 | 11 | to lift the stay it had previously imposed.  And if I |
| 16:40:29 | 12 | recall correctly, we're going to get additional briefing |
| 16:40:31 | 13 | on Friday. |
| 16:40:33 | 14 | Mr. Waldrop, is there anything else we need to |
| 16:40:36 | 15 | take up today? |
| 16:40:37 | 16 | MR. WALDROP:  I don't think so, your Honor.  I |
| 16:40:43 | 17 | think the lifting of the -- so the stay will be lifted as |
| 16:40:46 | 18 | of today, your Honor? |
| 16:40:46 | 19 | THE COURT:  Yes, sir. |
| 16:40:47 | 20 | MR. WALDROP:  Well, I appreciate you, your Honor. |
| 16:40:50 | 21 | I appreciate the time and thank you very much. |
| 16:40:52 | 22 | THE COURT:  You're welcome. |
| 16:40:53 | 23 | Mr. Quilici, anything else from Apple? |
| 16:40:55 | 24 | MR. QUILICI:  Regarding the scope of discovery |
| 16:40:58 | 25 | going forward, your Honor has indicated that injunctive |

16:41:03  1    relief is sort of off the table until after the trial.

16:41:05  2            THE COURT:  Correct.

16:41:08  3            MR. QUILICI:  Discovery on that same subject, I

16:41:11  4    assume, is continued to be stayed?

16:41:11  5            THE COURT:  Yes, sir.  Thank you for that

16:41:13  6    clarification.  That was a good question to ask.

16:41:16  7            MR. QUILICI:  I don't have anything further, but

16:41:18  8    I'll ask my colleague, Ms. Frost, whether she does.

16:41:20  9            MS. FROST:  Your Honor, this is Claudia Frost.

16:41:22  10            And I'm wondering, could I have a few minutes to

16:41:25  11    try to talk you into extending the stay through the

16:41:29  12    October 9th date that you previously announced at the

16:41:32  13    August 5th hearing?

16:41:34  14            THE COURT:  You know, Mr. Quilici just did a

16:41:36  15    phenomenal job arguing futility, and so, I'm pretty --

16:41:44  16    after doing this two years, I'm pretty certain what would

16:41:46  17    and would not be futile.  And so, I've thought a lot about

16:41:52  18    this, and I don't think that would be a good idea, given

16:41:54  19    the proximity to trial in this case.  I think we need to

16:41:57  20    keep going.

16:41:57  21            Let me make clear, as always, counsel's briefing

16:42:03  22    was exceptional.  The attorney arguments were all

16:42:06  23    compelling.  Mr. Waldrop, your arguments were equally

16:42:10  24    compelling as Mr. Quilici 's.  I've just gotta, you know,

16:42:14  25    call balls and strikes, and in this case, I think the

16:42:19  1   appropriate thing to do is to deny your motion.  But I do

16:42:22  2   want to make very clear on the record, I don't find any

16:42:26  3   fault in terms of diligence on the part of plaintiff's

16:42:28  4   counsel.  Everything that's happened in this case, in my

16:42:34  5   opinion, shows exactly to the contrary, that plaintiff's

16:42:37  6   counsel and defense counsel have been very diligent.

16:42:40  7           Okay.  That's all that we have today.  If

16:42:44  8   anything comes up between now and Friday that needs to be

16:42:49  9   taken up other than the briefing, just let Josh know.  And

16:42:54  10  let me make this clear as possible.  We are on track to go

16:42:58  11  to trial.  So if there's anything the Court needs to do to

16:43:02  12  assist anyone in that regard in making sure that there are

16:43:09  13  no issues, I'm available pretty much 24/7.

16:43:12  14          Have a good afternoon.  Be safe.

16:43:15  15          MR. QUILICI:  Thank you, your Honor.

16:43:16  16          MR. WALDROP:  Thank you, your Honor.

          17          (Proceedings concluded.)

          18

          19

          20

          21

          22

          23

          24

          25

# Confidential Material Omitted

## Sealed – Redacted in Full

Appx10026

Appx10029 – Appx10038

Appx10447 – Appx010455

Appx10757

Appx10802 – Appx10811

Appx10826 – Appx10834

Appx10869 - Appx10875

Appx10887 – Appx10894

Appx10985 – Appx10990

Appx11052 – Appx11058

```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                       AUSTIN DIVISION

 3    FINTIV, INC.              ) Docket No. A 19-CA-1238 ADA
                                )
 4    vs.                       ) Austin, Texas
                                )
 5    APPLE, INC.               ) April 30, 2021

 6           TRANSCRIPT OF VIDEOCONFERENCE MOTION HEARING
               BEFORE THE HONORABLE ALAN D. ALBRIGHT
 7

 8    APPEARANCES:

 9    For the Plaintiff:        Mr. Jonathan K. Waldrop
                                Kasowitz, Benson, Torres, LLP
10                              333 Twin Dolphin Drive, Suite 200
                                Redwood Shores, California 94065
11
                                Mr. Raymond W. Mort, III
12                              The Mort Law Firm, PLLC
                                100 Congress Avenue, Suite 2000
13                              Austin, Texas 78701

14    For the Defendant:        Mr. John M. Guaragna
                                DLA Piper, LLP
15                              303 Colorado Street, Suite 3000
                                Austin, Texas 78701
16
                                Mr. Sean C. Cunningham
17                              DLA Piper, LLP
                                401 B Street, Suite 1700
18                              San Diego, California 92101

19                              Mr. J. Stephen Ravel
                                Kelly, Hart & Hallman, LLP
20                              303 Colorado Street, Suite 2000
                                Austin, Texas 78701
21

22    Court Reporter:          Ms. Lily Iva Reznik, CRR, RMR
                                501 West 5th Street, Suite 4153
23                              Austin, Texas 78701
                                (512)391-8792
24

25    Proceedings reported by computerized stenography,
13:31:15  transcript produced by computer-aided transcription.
```

15:16:14  1   third and final point where your OGP says after the

15:16:20  2   deadline for final infringement and invalidity

15:16:23  3   contentions, leave of court is required for any amendment

15:16:26  4   to infringement or invalidity contentions.  And then,

15:16:28  5   there was a quote in the slides -- in slide 7 to counsel's

15:16:32  6   argument that quotes that next sentence.  This deadline

15:16:35  7   does not relieve the parties of their obligation to

15:16:38  8   seasonably amend if new information is identified after

15:16:41  9   initial contentions.

15:16:43  10        Now, I'm happy to be corrected on this, but I've

15:16:46  11  always read that, that statement as being you can't wait

15:16:52  12  until the final contentions to spring new theories on

15:16:55  13  people if you know about them before that.  Not that you

15:16:58  14  can wait until after the deadline for infringement

15:17:02  15  contentions, come up with new theories and then, put those

15:17:07  16  in contentions without leave.

15:17:09  17        So I read the rule very, very differently than

15:17:11  18  counsel just read it.  And so, those are my points.  I

15:17:16  19  leave you with that.  And I'll leave you with just one

15:17:20  20  final observation, and that is, we did not hear one word

15:17:22  21  about the actual code that might be the widget that is

15:17:27  22  claimed in the patents that would meet your Honor's claim

15:17:30  23  construction.  This is not a summary judgment argument.

15:17:32  24  It may be come June, but right now, it's about an issue of

15:17:36  25  fundamental notice.  That's all I have, your Honor.

| | |
|---|---|
| 15:17:39 | 1 |
| 15:17:41 | 2 |
| 15:17:47 | 3 |
| 15:17:50 | 4 |
| 15:17:52 | 5 |
| 15:17:54 | 6 |
| 15:17:57 | 7 |
| 15:18:00 | 8 |
| 15:18:04 | 9 |
| 15:18:07 | 10 |
| 15:18:10 | 11 |
| 15:18:14 | 12 |
| 15:18:18 | 13 |
| 15:18:20 | 14 |
| 15:18:23 | 15 |
| 15:18:27 | 16 |
| 15:18:29 | 17 |
| 15:18:31 | 18 |
| 15:18:35 | 19 |
| 15:18:38 | 20 |
| 15:18:43 | 21 |
| 15:18:44 | 22 |
| 15:18:48 | 23 |
| 15:18:49 | 24 |
| 15:18:53 | 25 |

THE COURT:  And maybe it got lost in there, but was there any citation to code in the expert reports?

MR. WALDROP:  (Moving head up and down.)

MR. CUNNINGHAM:  In the expert report itself, the citations are to the same information that is in the contentions, I believe.  I have not --

THE COURT:  Well, let me -- I will be very curious to know and maybe you all need to get back to me. I'd be very curious to know whether or not the issues that you're concerned about just with regard to deficiencies, the second bucket, whether any of that information that you're concerned with was provided in the expert reports.

MR. CUNNINGHAM:  With regard to these three claim limitations, your Honor, my understanding is -- and I -- you know, I'm in the midst of pulling apart the expert reports.  So it may be something I do need to get back to you on.  But my understanding is that they have -- that Fintiv has effectively picked up the contentions -- what we say are the insufficient contentions and dropped those contentions into the expert reports, relatively unchanged. So the issues that we have with the contentions with respect to those three claim limitations carry forward into the expert report.

THE COURT:  Well, Mr. Cunningham, let me assume for a second you're right.  I'm going to let Mr. Waldrop.

15:18:58   1  I certainly understand, I think, and can pretty clearly

15:19:03   2  delineate the issue with what was added.  I mean, that --

15:19:08   3  in terms of deficiencies in infringement contentions where

15:19:13   4  there's now an expert report, I'm probably more

15:19:18   5  sympathetic to, you know, the infringement contentions

15:19:21   6  have probably been -- that's yesterday, what's in the

15:19:25   7  expert report because you've been given that.

15:19:28   8          Now, to that extent, for better or worse, the

15:19:32   9  plaintiff is limited by what is in the expert report.  And

15:19:37  10  if you think that there is insufficient evidence in the

15:19:43  11  expert report, then I would feel much more comfortable

15:19:49  12  dealing with that on a motion for summary judgment basis

15:19:52  13  or a Daubert basis, either one, than I am in trying to

15:19:59  14  ferret out what was missing in the infringement

15:20:02  15  contention.  But it's been cured in the expert report.

15:20:09  16          So I'm going to -- I'm not going to voice

15:20:12  17  anything on -- with respect to the issue of what was added

15:20:17  18  that should not have been without amendment.  But I am

15:20:22  19  going to deny what was deficient in the infringement

15:20:25  20  contentions and without prejudice to Apple raising that in

15:20:30  21  the context of what is now extant in the expert reports.

15:20:37  22  It would take -- I'm not -- A, I'm not sure really what

15:20:44  23  the law is in terms of the experts, you know, if the

15:20:47  24  experts come in and they fix it, so to speak, in the

15:20:52  25  expert reports, you know, you're probably on notice.  So

| | | |
|---|---|---|
| 15:20:54 | 1 | I'm leaving that aside.  The other, I get. |
| 15:20:56 | 2 | So do you have anything else you wanted to add |
| 15:20:58 | 3 | only with respect to the issue of what you believe Fintiv |
| 15:21:02 | 4 | added without permission? |
| 15:21:04 | 5 | MR. CUNNINGHAM:  Just one question, your Honor, |
| 15:21:07 | 6 | and that is. |
| 15:21:07 | 7 | THE COURT:  Yes, sir. |
| 15:21:08 | 8 | MR. CUNNINGHAM:  If we hear -- is we have the |
| 15:21:11 | 9 | expert report and I understand your ruling with regard to |
| 15:21:14 | 10 | that, and it makes sense to me.  But if we hear for the |
| 15:21:16 | 11 | first time new information in a deposition or in a |
| 15:21:20 | 12 | declaration opposing our summary judgment motion or |
| 15:21:24 | 13 | trial -- |
| 15:21:24 | 14 | THE COURT:  That won't happen. |
| 15:21:26 | 15 | MR. CUNNINGHAM:  We're going to be permitted to |
| 15:21:28 | 16 | raise that again, correct? |
| 15:21:29 | 17 | THE COURT:  No.  That -- Mr. Waldrop has been in |
| 15:21:32 | 18 | front of me, Mr. Ravel has been in front of me in trial. |
| 15:21:35 | 19 | I don't know that Mr. Guaragna has yet.  You don't get to |
| 15:21:39 | 20 | amend your answers.  Experts don't get to amend or |
| 15:21:44 | 21 | supplement at depositions.  Now, they could certainly |
| 15:21:48 | 22 | explain something that may or may not be clear, but they |
| 15:21:50 | 23 | don't get to -- they don't get to say, oh, let me add to |
| 15:21:57 | 24 | that. |
| 15:21:59 | 25 | MR. CUNNINGHAM:  Okay. |

15:21:59    1          THE COURT:  So they are limited within reason to
15:22:01    2   the four corners of their expert reports.  And so, that's
15:22:07    3   why I'm saying with regard to what's missing in
15:22:09    4   infringement contentions, we now have a new deed, so to
15:22:14    5   speak, with the metes and bounds of what the plaintiff can
15:22:18    6   say, and that's what they're going to be limited to.
15:22:21    7          MR. CUNNINGHAM:  And the expert report is a
15:22:23    8   closed report effectively.
15:22:24    9          THE COURT:  Expert report is closed now -- yes.
15:22:26   10          MR. CUNNINGHAM:  Okay.
15:22:27   11          THE COURT:  Now, the plaintiff may be doing a
15:22:28   12   rebuttal report and if you point out in your rebuttal --
15:22:36   13   in your rebuttal report to them that it's missing X and
15:22:42   14   they may be able to say no, in the record, here is where X
15:22:46   15   is, that would certainly be possible.  But no one gets to
15:22:51   16   expand the record of what is available.
15:22:53   17          MR. CUNNINGHAM:  All right.  Thank you, your
15:22:54   18   Honor.  I understand.
15:22:56   19          THE COURT:  Okay.  And I think Mr. Ravel will
15:22:59   20   tell you and Mr. Waldrop will tell you, I'm pretty strict
15:23:02   21   on that at trial.
15:23:04   22          MR. WALDROP:  (Moving head up and down.)
15:23:04   23          THE COURT:  So I think the expert reports are
15:23:06   24   pretty important.  And I think anyone else will tell you,
15:23:09   25   also, that I take motions for summary judgment and Daubert

# Confidential Material Omitted

Sealed – Redacted in Full

Appx14044

Appx14049 – Appx14066

**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| FINTIV, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-01238-ADA |
| APPLE INC., | |
| Defendant. | |

**DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT**
**OF NONINFRINGEMENT**

**FILED UNDER SEAL**

## I.    INTRODUCTION

Apple moves for summary judgment of noninfringement on four independent and equally compelling grounds.

First, Apple seeks summary judgment of noninfringement as to Fintiv's claim that foreign users who provision cards using Apple Pay infringe the wallet management system recited in independent claim 18.  As a matter of law, these foreign users do not "use" the accused system "within the United States," so their allegedly infringing activities are beyond the territorial scope of 35 U.S.C. § 271(a).  Granting summary judgment on this ground will remove ████████████████ of damages based on "foreign provisions" from Fintiv's ██████████ damages demand.

Second, Apple requests summary judgment of noninfringement as to all asserted claims (claims 11, 13, 14, 18, 20, 23, 24, and 25) because Fintiv and its technical expert, Dr. Michael Shamos, failed to identify any software code in the accused products that constitutes a "widget" under the Court's construction of that term, which is a requirement of all asserted claims.  The undisputed evidence demonstrates the Apple accused products do not use a "widget" as construed, and granting summary judgment on this ground will be case dispositive.

Third, Apple seeks summary judgment that the accused iPads and Macs do not infringe asserted claims 11 and 23 and their dependent claims, because the accused iPads and Macs do not meet the "contactless card applet" limitations of those claims.  As construed by the Court, "contactless" transactions are not equivalent to "wireless" transactions, but for iPads and Macs, Fintiv and its expert point to purely wireless transactions.  Granting summary judgment on this ground will remove the accused iPads and Macs from this case.

Fourth, Apple requests summary judgment that the pairing of an iPhone and an Apple Watch does not satisfy the Court's construction of "mobile device" as "a single mobile device."

Confidential Material Omitted

**FILED UNDER SEAL**

The iPhone and Watch are two different "mobile devices," and Fintiv's allegations with respect to the iPhone-Watch pairing are flatly contrary to the Court's construction of that term. Granting summary judgment on this ground will remove the accused Apple Watches from this case.

For the reasons demonstrated below, summary judgment of noninfringement is warranted on all four grounds.

## II.     STATEMENT OF UNDISPUTED FACTS

On December 21, 2018, Fintiv filed its complaint alleging infringement of U.S. Patent No. 8,843,125 ("the '125 patent"). ECF No. 1, ¶ 3. Fintiv alleges Apple infringes independent claims 11, 18, and 23 and dependent claims 13, 14, 20, 24, and 25 (the "asserted claims"). Ex. 2, Shamos Report ¶ 2.

All the asserted claims relate to "card provisioning." Ex. 3, Shamos Depo. at 31:21-24; Ex. 1, '125 patent, claims 11, 18, 23. Card provisioning is a process whereby a user "load[s] data concerning a payment instrument, such as a credit card, onto a mobile device for the purposes of making payment transactions." Ex. 2, Shamos Report ¶ 71. Independent claim 11 recites a method for card provisioning, specifically a "method for provisioning a contactless card applet in a mobile device comprising a mobile wallet application." Independent claim 18 recites a system for card provisioning, specifically a "wallet management system (WMS) in a non-transitory storage medium to store and manage mobile wallet account information." Independent claim 23 recites a "mobile device" for card provisioning. Ex. 1, '125 patent, claims 11, 18, 23.

Fintiv accuses each of the Apple iPhone, Watch, iPad, and Mac products of infringing at least one claim of the '125 patent. Ex. 2, Shamos Report ¶ 102-03. The accused iPads and Macs do not have an near-field communication ("NFC") antenna and, therefore, cannot conduct NFC transactions. *See* Ex. 3, Shamos Depo. at 141:22-142:2; Ex. 2, Shamos Report ¶ 88 (NFC signals in payment transactions "travel only inches and are secure because they are both short-

2

FILED UNDER SEAL

distance and encrypted"). Fintiv's accusations against iPads and Macs are limited to conducting in-app or online purchase transactions through Apple Pay. Ex. 2, Shamos Report ¶¶ 45, 88, 269-270, 279. Apple Pay provides users with the capability to perform mobile payments securely and requires that users add or provision a card to their digital wallet. Ex. 4, Weinstein Report ¶ 63. Fintiv accuses Apple of infringement of claim 18 of the '125 patent when users outside the United States provision cards in connection with Apple Pay—what Fintiv calls "foreign provisions." Ex. 4, Weinstein Report, Ex. 20.1.

## III.    LEGAL STANDARDS

Summary judgment is warranted when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). An issue of material fact is genuine only if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party makes a *prima facie* showing that it is entitled to summary judgment, the nonmoving party must assert competent summary judgment evidence showing the existence of a genuine fact issue for trial. *See Matsushita*, 475 U.S. at 586; *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373 (Fed. Cir. 2005) (citing *Anderson*, 477 U.S. at 248). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The nonmoving party is required to identify evidence in the record

**FILED UNDER SEAL**

and articulate the manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458.

"Only disputes over facts that might affect the outcome of the suit under the governing laws will

properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary

judgment must be granted if the nonmoving party fails to make a showing sufficient to establish

the existence of an element essential to its case and on which it will bear the burden of proof at

trial. *Celotex*, 477 U.S. at 322-23.

## IV.    APPLE DOES NOT INFRINGE CLAIM 18 WHEN FOREIGN USERS PROVISION CARDS FROM OUTSIDE THE UNITED STATES.

The Court should enter summary judgment of noninfringement of claim 18 for what

Fintiv calls "foreign provisions"—that is, users located in foreign countries who provision cards

using Apple Pay on devices outside the United States (hereafter "Foreign Users"). Fintiv's

damages expert, Roy Weinstein, improperly includes ████████████████ in damages solely

from these so-called "foreign provisions." Ex. 4, Weinstein Report, Ex. 20.1. Because Fintiv

improperly tries to bring foreign transactions into this domestic dispute, the Court should grant

summary judgment on this issue.

Fintiv's "foreign provisions" direct and indirect infringement theory for claim 18 is based

on a faulty premise—that Foreign Users "use" the accused card provisioning system "within the

United States" merely because their foreign devices may communicate with Apple servers in the

United States. Ex. 2, Shamos Report ¶ 504 ████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████); *see also id.* ¶ 505-06 (Dr. Shamos' "foreign provisions" infringement theory for

Confidential Material Omitted

4

induced and contributory infringement, respectively).[1]  But Federal Circuit authority and

undisputed facts prohibit Fintiv's theory.  Foreign Users do not use the accused system "within

the United States" as required under § 271(a).  Rather, the "situs of infringement"—that is, "the

place where control of the system is exercised and beneficial use of the system obtained"—is

outside the United States.  *See NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316-17

(Fed. Cir. 2005).  Claim 18 recites a "mobile device" that, under Fintiv's "foreign provisions"

infringement theory, is located <u>outside</u> the United States.  Foreign Users initiate the accused card

provisioning system by using their mobile devices from their foreign locations, thus causing the

system to "act for its intended purpose."  *Centillion Data Sys., LLC v. Qwest Comms. Int'l, Inc.*,

631 F.3d 1279, 1285 (Fed. Cir. 2011); *see also* Ex. 3, Shamos Depo. at 19:1-21:23.  Foreign

Users also obtain beneficial use of the card provisioning system—what Dr. Shamos calls ███

███████████████████████████████████████████████████████  (Ex. 2, Shamos

Report ¶ 123)—in their foreign locations using their foreign devices.  Therefore, Foreign Users'

use of the accused Apple Pay card provisioning system is beyond the territorial reach of § 271 as

a matter of law.

### A.     There Is No Infringement Under § 271(a) When The "Situs Of Infringement" Is Outside The United States.

"[As] the U.S. Supreme Court explained nearly 150 years ago in *Brown v. Duchesne*, …

the U.S. patent laws 'do not, and were not intended to, operate beyond the limits of the United

States.'"  *Pellegrini v. Analog Devices, Inc.*, 375 F.3d 1113, 1117 (Fed. Cir. 2004) (citation

omitted); *see also* 35 U.S.C. § 271(a) (patent infringement requires allegedly infringing acts

---

[1] Fintiv's indirect infringement allegations under the "foreign provisions" theory are based on acts of direct infringement that arise under § 271(a), not § 271(f).

Confidential Material Omitted

**FILED UNDER SEAL**

███████████████████████████████████████

██████████████████████████████████ Ex. 2, Shamos Report

¶ 533; *see also* ¶ 503.  Without a user's input of information from their mobile device, the remaining claim limitations—"stor[ing] the mobile device information" and "register[ing] the mobile device and the mobile wallet application"—would never happen.  *See Centillion*, 631 F.3d at 1285; *CLS Bank*, 667 F. Supp. 2d at 35-36.

In sum, there is no dispute that: (1) Foreign Users of the accused card provisioning system control inputs to the system by capturing card information using Apple devices in their possession; (2) Foreign Users' input triggers the rest of the accused system to work for its intended purpose; (3) the accused system would never be put into service but for Foreign Users' input; and (4) Foreign Users receive the output of the accused system on a one request/one response basis.  As a matter of law, therefore, Foreign Users "exercise control" over the card provisioning system from outside the United States.  *See NTP*, 418 F.3d at 1317; *Centillion*, 631 F.3d at 1285; *CLS Bank*, 667 F. Supp. 2d at 35-36; *Blue Spike,* 2014 WL 6851259, at *5.

### C.   For Foreign Users, Beneficial Use Of the System Is Obtained Outside The United States.

Under the second factor of the *NTP* analysis, "the place where … beneficial use of the system obtained" for Foreign Users also is outside the United States.  For "beneficial use," courts consider "the way in which the claimed [] system is actually used by [] customers."  *NTP*, 418 F.3d at 1317.  The alleged benefits must be "tangible, not speculative, and tethered to the claims."  *Grecia v. McDonald's Corp.*, 724 F. App'x 942, 947 (Fed. Cir. 2018).  And "beneficial use" requires more than "general financial benefits and vague technological benefits." *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 483 (D. Del. 2018).

Confidential Material Omitted

**FILED UNDER SEAL**

In *NTP*, the Federal Circuit held that RIM's customers in the United States obtained

"beneficial use" of the accused email system because they "benefited from [the claimed]

exchange of information":

> The user is no longer required to initiate a connection with the mail
> server to determine if he or she has new email … [and] "time spent
> dialing-up and connecting to the desktop (possibly to find that
> there is no new email) is eliminated as users … are notified
> virtually instantly of important messages, enabling the user to
> respond immediately."

*Id.* at 1290 (quoting asserted patent).  Similarly, in *Renhcol Inc. v. Don Best Sports*, the accused

product was an electronic marketplace for exchanging sports handicapping information.  548 F.

Supp. 2d 356, 363-65 (E.D. Tex. 2008).  The district court determined that "the handicappers and

prediction consumers" in the United States, rather than the operator of the web server located in

Canada, obtained beneficial use of the system because "the handicappers and prediction

consumers benefit from the information exchanged in the marketplace":

> Both the handicappers and prediction consumers benefit from the
> execution of the alleged "code for receiving" and "code for
> calculating," as the prediction consumers ultimately receive the
> transmitted prediction information and the handicappers have their
> accounts credited if their event predictions are correct … .  The
> handicappers and prediction consumers benefit from execution of
> the alleged "code for crediting," as the code's execution makes an
> electronic record to pay the handicappers and encourages the
> exchange of prediction information for the prediction consumers'
> benefit.

*Renhcol*, 548 F. Supp. 2d at 364-65.

The same analysis applies here, again with the facts transposed.  Foreign Users of the

Apple Pay card provisioning system obtain beneficial use of the system outside the United States

because they "benefit[] from [the] exchange of information."  *NTP*, 418 F.3d at 1289-90, 1317.

According to Fintiv's expert, Dr. Shamos, the accused card provisioning system offers

"numerous benefits," every one of which is obtained by the users, not by Apple.  Ex. 3, Shamos

**FILED UNDER SEAL**

Depo. at 29:16-30:10.  For example, Dr. Shamos concedes that ██████████████████

████████████████████████████████████████████████████████████████ *Id.*

at 29:10-14 (emphasis added).  Dr. Shamos opines that using the accused card provisioning

system "████████████████████████████████████████████████████████

(Ex. 2, Shamos Report at ¶ 123)—again, a benefit to users, not to Apple.  Dr. Shamos further

opines that:



*Id.* (emphasis added).  Thus, according to Fintiv's expert, the card provisioning system provides

users the benefit of ████████████████████████████████ *Id.*

All of these benefits are "tangible, not speculative, and tethered to the claims."  *Grecia*, 724 F.

App'x at 947.  Thus, there can be no dispute that when Foreign Users use the accused card

provisioning system, they obtain those benefits <u>outside</u> the United States.

In sum, Foreign Users of the Apple Pay card provisioning system exercise control over

and obtain beneficial use of the system from outside the United States.  As a result, *NTP* compels

a finding that Foreign Users do not use the accused card provisioning system "within the United

States" under § 271(a).  Because no reasonable jury could find that Foreign Users infringe claim

18 of the '125 patent, the Court should enter partial summary judgment of noninfringement as to

Foreign Users.

## V.    APPLE DOES NOT INFRINGE THE ASSERTED CLAIMS BECAUSE FINTIV HAS NO EVIDENCE OF A "WIDGET" IN THE ACCUSED PRODUCTS.

Apple is entitled to summary judgment of noninfringement as to all asserted claims

because (1) Fintiv failed to identify any software code in the accused products that meets the

Confidential Material Omitted

**FILED UNDER SEAL**

"widget" limitations of the asserted claims, and (2) undisputed facts confirm the accused

products do not use and are not configured to use a "widget."

Every asserted claim recites a "widget." Claim 11 requires "retrieving a widget …

corresponding to a contactless card applet" and "provisioning the widget." Claim 18 requires "a

widget management component configured to store and to manage widgets" and "a rule engine

configured to filter a widget." Claim 23 requires "a mobile wallet application configured to store

a widget" and "an over-the-air (OTA) proxy configured to provision … a widget." The Court

construed "widget" to have its plain and ordinary meaning; that is, "software that is either an

application or works with an application, and which may have a user interface." Dkt. No. 86 at

17, 34. The Court also ruled that "a POSITA would not understand that a widget is a stand-alone

application, but rather as code, *e.g.*, a 'plug-in,' that runs within an application." Dkt. No. 86 at

16. Thus, the Court's construction confirms the claimed "widget" must be software code that

"runs" within an application. *Id.*

This is not the first time the Court has addressed the deficiencies in Fintiv's "widget"

infringement theories. On October 16, 2020, Apple moved to strike Fintiv's infringement

contentions for failing to identify where the "widget" is found in the accused products. *See* Dkt.

No. 186. At the April 30, 2021 hearing on that motion, the Court denied Apple's motion to

strike "without prejudice to Apple raising that [the deficiencies in the infringement contentions]

in the context of what is now extant in the expert reports." Ex. 11, 4/30/21 Hearing Tr. at 75:18-

21. The Court explained:

> Now, to that extent, for better or worse, the plaintiff is limited by
> what is in the expert report. And if you think that there is
> insufficient evidence in the expert report, then I would feel much
> more comfortable dealing with that on a motion for summary
> judgment basis or a Daubert basis, either one, than I am in trying to
> ferret out what was missing in the infringement contention.

FILED UNDER SEAL

*Id.* at 75:8-15; *see also id.* at 77:1-10.  As demonstrated below, Fintiv's infringement expert report fails to identify any software code in the accused products that constitutes a "widget," and Fintiv's expert, Dr. Shamos, confirmed as much at his deposition.  Furthermore, the Apple engineers and experts uniformly confirm the accused products do not contain a "widget."  Undisputed facts therefore demonstrate the accused products do not contain or use a "widget," and no reasonable jury could conclude the accused products meet the "widget" limitation of claims 11, 18, and 23.  Summary judgment of noninfringement is therefore warranted.

### A.    Fintiv And Its Expert Failed To Identify The Claimed "Widget" In The Accused Products.

Fintiv's expert Dr. Shamos failed to identify any Apple software code that constitutes a "widget" as construed by the Court.  Dr. Shamos recognized this failure at his deposition:



Ex. 3, Shamos Depo. at 73:12-74:5 (emphasis added).  In Dr. Shamos' expert report, only one paragraph discusses the "widget" limitation and contains citations to Apple's source code— paragraph 309.  Ex. 2, Shamos Report ¶ 309.  But when asked at his deposition, Dr. Shamos conceded that none of the source code cited in that paragraph is the claimed "widget":



Confidential Material Omitted

**FILED UNDER SEAL**

Ex. 3, Shamos Depo. at 53:11-14.  When Dr. Shamos was asked about each of the source code

files cited in paragraph 309 individually, he confirmed that none of those files is a "widget." █



Dr. Shamos also confirmed that none of the

software files cited in other parts of his report constitutes a "widget":

*Id.* at 75:14-20 (emphasis added).  So contrary to Fintiv's representations at the April 30, 2021

hearing (*see* Ex. 11, 4/30/21 Hearing Tr. at 74:1-3), Dr. Shamos confirmed under oath that "there

is nowhere in [his] report that cites the source code that makes up the widget for any of the

accused devices." Ex. 3, Shamos Depo. at 75:14-20.  Summary judgment is therefore warranted.

In addition to not identifying a "widget" in the accused products, Fintiv also failed to

present evidence that the accused products practice other "widget"-related limitations of the

asserted claims.  For starters, asserted claim 11 requires "retrieving a widget."  Dr. Shamos

agreed that during card provisioning a widget must be retrieved from an Apple server to an

accused device, but he could not identify any widget retrieved from any Apple server.  *Id.* at

56:23-25 ████████████████████████████

Confidential Material Omitted

**FILED UNDER SEAL**

███████████    Asserted claim 18 requires "a widget management component configured to store and to manage widgets," but Dr. Shamos could not identify which server allegedly stores the claimed "widget," nor does he know which component is responsible for such storage:



*Id.* at 90:20-91:1. Finally, asserted claim 23 requires "a mobile wallet application configured to store a widget," but Dr. Shamos does not know which application on the accused products stores the alleged "widget":



*Id.* at 89:16-24. Thus, Fintiv has no evidence that a "widget" is retrieved from an Apple server; where or how a "widget" is stored on an Apple server; or what application on the accused products stores a "widget."

    Fact and expert discovery are now closed. Despite Fintiv having the relevant Apple Pay source code for months, neither Fintiv nor its expert have identified the software code that "runs within an application" in the accused products that purportedly meets the Court's construction of

Confidential Material Omitted

**FILED UNDER SEAL**

"widget." It is now too late to do so in opposing summary judgment. *See Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."). Summary judgment of noninfringement is therefore required.

> **B.    Apple's Engineers And Experts Uniformly Confirmed That Apple Does Not Use The Claimed "Widget."**

Not surprisingly, Apple's engineers and experts uniformly confirm that Apple does not use a "widget." During fact discovery, two engineers were asked questions about widgets, and they both testified that Apple does not use widgets in the accused products. ████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

█████████████████████

██████████████████████████

████████████████

███████████████████████████

████████████

*Id.* at 68:2-11. ████████████████████████████

███████████████████████████████

██████████████████████████████████

████    Ex. 6, Diederich Depo. at 18:4-7; 114:17-25. ██████████████████

Confidential Material Omitted

**FILED UNDER SEAL**



Apple's technical expert, Henry Dreifus, also confirmed that "[n]one of the Accused Products or accused Apple Pay servers have the claimed 'widget,' and so none practice any of the asserted independent claims 11, 18, and 23." Ex. 8, Dreifus Report at ¶¶ 165-204. The reason Apple does not need or want to use "widgets" is simple—

*Id.* at ¶ 128.

*Id.* at ¶ 129.

*Id.*

Thus, the evidence is uniform that Apple does not use a "widget" in Apple Pay. Because no reasonable jury could find that the accused products use the claimed "widget," summary judgment of noninfringement is warranted.

### C. The Court Should Disregard The New "Widget" Theories Dr. Shamos Offered At His Deposition, But Those New Theories Do Not Change The Result Of This Motion.

Having conceded his expert report does not identify any software code that qualifies as a "widget," Dr. Shamos tried at his deposition to introduce new "widget" theories that appear nowhere in Fintiv's infringement contentions or in Dr. Shamos' report. The Court should disregard these untimely theories. *See* Ex. 11, 4/30/21 Hearing Tr. at 76:10-77:9 (The Court: "Experts don't get to amend or supplement at depositions. Now, they could certainly explain something that may or may not be clear, but they don't get to -- they don't get to say, oh, let me add to that … . So they are limited within reason to the four corners of their expert reports.").

Confidential Material Omitted

**FILED UNDER SEAL**

But even if the Court permitted Fintiv to adopt these newly asserted theories (which it should

not), the Court should nonetheless reject them as insufficient to preclude summary judgment.

    First, Dr. Shamos tried at his deposition to identify the "widget" as ██████████

███████████████████████████████████ Ex. 3, Shamos

Depo. at 78:1-10.  But, as Dr. Shamos admitted, ████████████████████ *Id.*

at 79:5-12.[2]  He also admitted he had no evidence to support his ███████████



*Id.* at 79:13-19.  Dr. Shamos' new ████████ theory is therefore untimely and insufficient to

create a genuine issue for trial about whether Apple uses a "widget," as construed.

    Second, Dr. Shamos tried to excuse his failure to identify a "widget" in the accused

products by offering a new opinion that the widget might exist in "multiple components" and

might be part of the "user interface" for the Apple Wallet.  *Id.* at 64:16-65:1.  But he also

conceded that, even if the "widget" existed in multiple software components, he had not

identified any of those components:



---

[2] Fintiv has acknowledged this indisputable fact before. ███████████████████
█████████████████████████).

Confidential Material Omitted

**FILED UNDER SEAL**



*Id.* at 64:7-15 (objection omitted).  And when pressed, Dr. Shamos admitted he could not

identify any software to support his new "interface" theory:

*Id.* at 66:1-11 (objections omitted; emphasis added).  Indeed, Dr. Shamos failed to analyze

whether the purported widget under his new "interface" theory would include operating system

code as opposed to application code, as the Court's construction requires.  *Id.* at 85:8-12

.  Thus, even if Dr. Shamos' new theories had been timely disclosed, they do not raise a

genuine issue of fact for trial about whether the accused products use a "widget" as construed by

the Court.  The Court should disregard these untimely and unsupported theories and enter

summary judgment in Apple's favor.

## VI.    THE ACCUSED IPADS AND MACS DO NOT MEET THE "CONTACTLESS" LIMITATION OF CLAIMS 11 AND 23.

The Court should rule that the accused iPads and Macs do not meet the Court's

construction of "contactless," as clarified at the August 28, 2020 claim construction hearing.  At

that hearing, the Court construed the term "contactless" to have its plain and ordinary meaning,

where "contactless" refers to "communication with a device where the communication does not

Confidential Material Omitted

**FILED UNDER SEAL**

require physical contact." Ex. 10, 8/28/20 Hearing Tr. at 37:24-38:2. But when Apple expressed concern the construction would result in "a construction that simply means wireless," the Court clarified: "I don't think my construction of contactless does open it up to the unlimited field of wireless. I disagree with that. I mean, I think one skilled in the art would not think that for this invention." *Id.* at 23:10-17.

Despite the Court's clarification, Fintiv and its expert, Dr. Shamos, are trying to equate "contactless" with "wireless." Dr. Shamos expressly opines: ███████████████

█████████████████████████████████████████████

████████████████ Ex. 2, Shamos Report at ¶ 88 (emphasis added). At his deposition, he doubled down on his "wireless" reconstruction of the term:



Ex. 3, Shamos Depo. at 135:13-19, 136:19-22.

The Court should again confirm that its construction of "contactless" does not and cannot encompass mere wireless communications over a network. Doing so will result in summary judgment of noninfringement with respect to the accused iPads and Macs, because it is undisputed those products cannot perform "contactless" transactions as construed, but rather only in-app or online transactions.

Confidential Material Omitted

**FILED UNDER SEAL**

**A.      The Court's Claim Construction Confirms That "Contactless" Does Not Mean "Wireless."**

Claims 11 and 23 recite a "contactless card applet."  The Court's construction of that term is consistent with the use of "contactless" in the '125 patent.  As the Court ruled, "contactless" does not refer to merely wireless transactions, such as online transactions using a Wi-Fi connected device.  *See* Ex. 10, 8/28/20 Hearing Tr. at 23:10-17 ("So I don't -- I don't think my construction of contactless does open it up to the unlimited field of wireless.  I disagree with that.").  Indeed, the '125 patent uses parentheticals to equate "contactless payment" with "NFC-based applications."  Ex. 1, '125 patent at 1:47-51 (disclosing "a method of providing contactless payment (NFC-based applications) through provisioning account specific information within the secure domain of the mobile device's SE"); *see also id.* at 2:1-6; 2:8-10; 2:19-21; 7:20-26.  The patent explains that NFC technology is conventionally referred to as "contactless":

> Once the user financial credentials have been provisioned onto the NFC enabled mobile device, the provisioned NFC enabled device may transfer information or make payments to another NFC compatible device by coming near within a few centimeters of one another without physically contacting each other.  This type of technology is conventionally referred to as "contactless" technology and a payment made with this technology is referred to as "contactless" payment.

*Id.* at 1:55-62.  The specification does not disclose transactions conducted through "wireless" communication.  The patent therefore supports the Court's construction that a "contactless" card applet must allow consumers to conduct close-by transactions at a point of sale terminal rather than mere "wireless" transactions.  Ex. 10, 8/28/20 Hearing Tr. at 23:10-17.

**B.      The Accused iPads And Macs Do Not Contain A "Contactless" Card Applet And Therefore Do Not Infringe Claims 11 And 23.**

There is no dispute the accused iPads and Macs are incapable of performing NFC or other close-by transactions at a point of sale terminal.  Ex. 8, Dreifus Report at ¶¶ 249, 259-60

# Confidential Material Omitted

## Sealed – Redacted in Full

Appx15220

Appx15231 – Appx15254

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| Fintiv, Inc. | ) |
| | ) |
| Plaintiff, | ) CONFIDENTIAL – ATTORNEYS' EYES |
| | ) ONLY |
| v. | ) |
| | ) Case No. 1:19-CV-01238-ADA |
| Apple Inc. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## EXPERT REPORT OF ROY WEINSTEIN

# Confidential Material Omitted

Sealed – Redacted in Full

Appx15290 – Appx15295

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FINTIV, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 1:19-CV-1238-ADA<br><br>  JURY TRIAL DEMANDED |

**EXPERT REBUTTAL REPORT OF HENRY DREIFUS**
**REGARDING NONINFRINGEMENT OF U.S. PATENT NO. 8,843,125**

# Confidential Material Omitted

Sealed – Redacted in Full

Appx15428 – Appx15455

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| FINTIV, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:19-CV-1238-ADA |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| APPLE INC. ) | |
| ) | |
| Defendant. ) | |

**EXPERT REBUTTAL REPORT OF HENRY DREIFUS**
**REGARDING NONINFRINGEMENT OF U.S. PATENT NO. 8,843,125**

# Confidential Material Omitted

Sealed – Redacted in Full

Appx16105 – Appx16122